[S. F. No. 12013. In Bank.—April 29, 1927.]

In the Matter of the Estate of FLORENCE BELMONT BUTTS, Deceased. HERMAN F. J. BUTTS, Contestant, Respondent, v. HENRY B. LISTER, Appellant.

[1] ESTATES OF DECEASED PERSONS—WILL CONTEST—PLEADING—FAILURE TO ANSWER AMENDED CONTEST — WAIVER OF OBJECTION. — Where an original will contest pleaded unsoundness of mind, lack of due execution, and undue influence, which the defendant traversed by his answer and also set up an affirmative defense, and thereafter an amended contest was filed by permission of the court, over objection of the defendant, in which were restated the original counts and also an additional cause of contest, to which amended contest no answer was filed, objection that the cause was never at issue and that the court erred in permitting the amended contest to be filed, is waived, where defendant does not contend that he was surprised or placed at any disadvantage by the filing of the amendment, and it is shown that he had taken and filed seven depositions relating to one ground of contest, and that he asked for no continuance for the purpose of securing evidence or to file an answer to the amended contest, but proceeded to trial and introduced evidence.

[2] ID.—ATTORNEY AND CLIENT—EVIDENCE—PRESUMPTIONS—QUESTION FOR THE JURY.—In a will contest wherein an attorney is the sole beneficiary under the will of his client, drawn by himself, the question as to whether or not the disputable presumption that the law raises growing out of such relationship has been overcome by evidence introduced by the proponent is one to be determined by the jury.

---

(1) 31 Cyc., p. 733, n. 78, p. 735, n. 82; 40 Cyc., p. 1270, n. 41, p. 1352, n. 15. (2) 4 C. J., p. 858, n. 3; 40 Cyc., p. 1150, n. 91, p. 1151, n. 96, p. 1153, n. 22, p. 1322, n. 71, p. 1358, n. 75, p. 1365, n. 30, p. 1366, n. 31.

2. See 26 Cal. Jur. 725.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco refusing to probate a will and from an order denying proponent's motion to enter judgment in his favor notwithstanding the verdict. Thomas F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry B. Lister, *in pro. per.*, and Gillogley, Crofton & Payne for Appellant.

Harry I. Stafford and W. F. Stafford for Respondent.

LANGDON, J.—This is an appeal by the proponent and beneficiary under the will of Florence Belmont Butts, deceased, from a judgment and order refusing probate to the will, and also an appeal from an order made after judgment denying the motion of proponent to enter judgment in his favor notwithstanding the verdict.

The original contest pleaded unsoundness of mind, lack of due execution, and undue influence. The defendant answered this original contest by traversing the same and also by setting forth an affirmative defense to the effect that at the date the will was executed the contestant had repudiated his marriage to the decedent and had brought an action to annul it as a cross-complaint to her action against him for divorce on the ground of extreme cruelty; that the parties were separated and bitterly antagonistic at the time the will was made; that the decedent and the contestant were joint tenants at the time the will was made of a fractional interest in a parcel of real property known as the Butts ranch, which, in the event of the death of the decedent before the contestant, would vest by operation of law in the contestant; that the entire estate the decedent had at the time of making the will consisted of some jewelry of the value of $200 and a judgment for alimony against the contestant amounting to $450.

[1] It appears that the original contest was filed on August 1, 1925, and the answer was filed on August 11, 1925. On the latter date, which was the date of trial, an amended contest was filed which contained the allegation that the contestant had duly married the decedent

in 1920 and that he remained her husband until the time of her death. The said amended contest then restated the counts of unsoundness of mind, lack of due execution, and undue influence at the time of making the will, substantially as they appeared in the original contest, and then added a new cause of contest, to wit, that the will was revoked by its destruction on the twenty-ninth day of June, 1925, by decedent, with intent and purpose on her part then and there to revoke, cancel, and destroy said alleged will. Defendant objected to the filing of this amended contest, which was, nevertheless, allowed by the court. Appellant contends that because no answer was filed to this amended contest, the cause was never at issue, and that the court erred in permitting the amended contest to be filed. Appellant does not contend that he was surprised or placed at any disadvantage by the filing of the amendment. On the contrary, it appears that he had taken and filed seven depositions relating to the tearing of the will by decedent. He asked for no continuance for the purpose of securing evidence upon this issue, nor to file an answer to the amended contest, but proceeded to trial. The evidence was directed to two issues, namely, undue influence and the revocation of the will by the decedent on June 29, 1925. The contestant introduced evidence of said revocation and that at said time said decedent was of sound mind. The proponent introduced seven depositions all to the effect that decedent was not of sound mind on said date, and in addition to that introduced the order of commitment of the superior court in and for the county of Los Angeles, committing said decedent to the asylum. The contestant offered evidence of the revocation of the will on June 29, 1925, and no objection was made to the introduction of the same.

In the case of *Kern Valley Bank* v. *Koehn*, 19 Cal. App. 247 [125 Pac. 358], a cross-complaint was filed by the defendant and a demurrer thereto was filed, but no answer was ever filed, and the trial proceeded to judgment. Both parties appeared to have deemed the allegations of the cross-complaint in issue, and evidence was offered touching the truth of the allegations thereof, without objection, as though there had been a formal denial of the same. The court said: "The rule is well established that where both

parties treat an affirmative defense as denied, the want of a formal answer thereto will be deemed waived.''

We think, under the circumstances of this case, the court and the parties having treated the allegations of the amended contest as denied and proceeded to trial thereon, the objection that a formal answer was not filed has been waived.

[2] The record presents a case wherein an attorney is the sole beneficiary under a will of his client, drawn by himself. It presents a case where there is a conflict between the presumption that the law raises, growing out of such relationship, and the testimony of witnesses offered by the proponent. The question as to whether or not the disputable presumption was overcome by the evidence introduced by the proponent was one to be determined by the jury. As was said in *Schurman* v. *Look,* 63 Cal. App. 359 [218 Pac. 629] : ''The solution of that question was within the peculiar and final province of the trial court, for the presumption, on the one hand, and the testimony opposed to it on the other, presented but a conflict of evidence. The finding of the trial court on the subject is final.''

It was said in *Witt* v. *Lantz,* 198 Cal. 407 [245 Pac. 197] : ''The burden of proof to establish all of the elements of fraud or undue influence was not, in the instant case, upon the contestant, as is the usual situation upon the contest of a will. The burden was upon the defendant, by reason of his relationship of attorney to Mrs. Witt, to overcome the presumption of fraud and unfair dealing which is automatically raised by the law as a protection to a client against the strong influence to which the confidential relation naturally gives rise. All dealings between an attorney and his client for the benefit of the former are not only closely scrutinized, but are presumptively invalid on the ground of constructive fraud and such presumption can be overcome only by the clearest and most satisfactory evidence that the transaction between him and his client was fair and equitable and no advantage was taken by him, but he must also offer proof that the client was fully informed of all matters relative to the transaction and was so placed as to be able to act understandingly and to deal with the attorney at arm's length.'' (*Kisling* v. *Shaw,* 33 Cal. 425 [91 Am. Dec. 644] ; *Cooley* v. *Miller & Lux,* 156

Cal. 519 [105 Pac. 981]; *Clark* v. *Millsap,* 197 Cal. 765 [242 Pac. 918].)

The jury saw and heard the witnesses and from an examination of the entire record we cannot say they were not warranted in the conclusion they reached in the verdict rendered. While from the evidence we think they might have concluded otherwise, we are not triers of fact, and we think this case is one where there is a conflict in the evidence upon both grounds of contest. We have read the record with great care, but we feel that no useful purpose would be served in setting forth the evidence, as we are satisfied that the jury, if it chose to disbelieve the testimony of any of the witnesses produced, might conscientiously find that the presumption was not overcome. If the verdict had been the other way we would not be inclined to disturb it under the facts presented by the record.

Exception is taken to certain instructions given and refused by the trial court, but when we consider the instructions as a whole, they fairly state the law to the jury. As to the alleged errors in ruling upon the admissibility of evidence, we think they were without prejudice to appellant.

The judgment is affirmed. As the appeal herein appears to have been prosecuted in good faith, it is ordered that the costs of the appellant be paid out of the assets of said estate.

Curtis, J., Preston, J., Shenk, J., Seawell, J., Waste, C. J., and Richards, J., concurred.

Rehearing denied.