[S. F. No. 14724. In Bank.—April 26, 1933.]

HANS P. NESSEN, Appellant, v. ANDRES P. NESSEN, Respondent.

H. B. M. Miller and T. C. Van Ness, Jr., for Appellant.

McNoble & Parkinson for Respondent.

SHENK, J.—This is an appeal by the plaintiff from a judgment in an action to set aside a conveyance of real property made to the defendant by the mother of the parties hereto. The mother, Thyra M. Nessen, had another son, Will Nessen, and a daughter, Anna Nelson.

Thyra M. Nessen died on August 10, 1930, at the age of seventy-five years. On June 7th preceding, she conveyed by deed of gift to her son, the defendant Andres P. Nessen, the only real property of which she was possessed, consisting of two lots with improvements situate in Alameda County, of the value of about $6,000. The present action was commenced on the sixteenth day of August, 1930, by Hans P. Nessen alone, to set aside and cancel said deed on the grounds that Thyra M. Nessen at the time she executed and delivered the conveyance was physically and mentally incapable of transacting business; that there was no consideration for the deed; and that the gift was not the voluntary act of the grantor but was induced solely by the undue influence and fraud of the defendant. The court found that although Thyra M. Nessen was for many months prior to her death physically infirm and suffering from an incurable ailment which ultimately caused her death, she was nevertheless not mentally impaired, nor physically or mentally incapable of transacting business; that the deed of gift to her son was made voluntarily, of her own free will and accord, and without any fraud, duress, menace or undue influence exercised by the defendant. The court also found that in addition to the kinship and natural love and affection existing between the parties thereto the consideration for the deed was the agreement of the defendant to support, maintain and provide for his mother during the remainder of her life. The court specifically found that at the time of the execution and delivery of the deed Thyra M. Nessen was physically and mentally capable of understanding and appreciating the nature of her act and understood and appreciated the fact that thereby she divested herself of all right, title and interest in and to said property and that it thereupon became the property of the defendant; also specifically found that the defendant exercised no undue influence and committed no acts of fraud or duress in the premises. The court concluded that the defendant was the owner of the property and was entitled to have his title quieted. Judgment was entered accordingly.

The only points made on this appeal are that the evidence does not sustain the finding of understanding and competence on the part of the grantor, and that the evidence does

not sustain the finding that the defendant was guiltless of fraud and undue influence.

■ The record does not present such a case as would justify this court in holding as a matter of law that the grantor was in such a mental or physical condition as to compel a finding that she was incapable of understanding what she was doing; nor does the record present a situation and circumstances surrounding the grantor and her relations with her children as to suggest no other reasonable conclusion than that the defendant exercised undue influence in the transaction.

The deed was executed and delivered under circumstances which could cast no doubt upon the testimony of the witnesses, including the attorney who prepared it at the request of Mrs. Nessen herself, that the grantor fully understood her act and the effect thereof. The findings on this branch of the case are fully supported by the evidence.

■ The fact that the grantor was seventy-five years of age and at times endured pain, sleeplessness and other effects of her malady and her age, even though coupled with moments of forgetfulness and a natural trait of being easily swayed by one or another of the natural objects of her affection, does not without more sustain the plaintiff's contentions. (*Best* v. *Paul*, 101 Cal. App. 497 [281 Pac. 1089]; *Johnson* v. *Studley*, 80 Cal. App. 538, 559 [252 Pac. 638]; *Broaddus* v. *James*, 13 Cal. App. 464 [110 Pac. 158]; 9 Cal. Jur., pp. 117–119, 224, 225.)

■ The relationship of parent and child alone, without a showing of a practically exclusive opportunity designedly created for the purpose of influencing the grantor in favor of one to the exclusion of several children, and no claim is advanced that such a showing was made, can hardly be said to cast a burden upon the grantee to dispel every suspicion thrown in his direction by his brothers and sisters. (See *Wilbur* v. *Wilbur*, 197 Cal. 1 [239 Pac. 332]; *Longmire* v. *Kruger*, 80 Cal. App. 230 [251 Pac. 692]; *Broaddus* v. *James, supra,* at p. 472; 17 Cal. Jur. 233.) Were it otherwise, it must be said that the burden in this case on the record before us has been fully met. (*Soberanes* v. *Soberanes*, 97 Cal. 140 [31 Pac. 910]; *Walker* v. *Smith*, 58 Cal. App. 145 [208 Pac. 157]; *Broaddus* v. *James, supra.*) Furthermore, we have a situation where the sympathies of the

children who are not parties to the action are not fully with the plaintiff. The brother, Will Nessen, in the lifetime of the grantor expressed his approval of the grant as made to one entitled thereto, and this approval is apparent in his testimony at the trial. The execution and delivery of the deed was announced immediately to other members of the family, and immediate recordation thereof was made at the request of the grantor herself.

The record presents a case wherein the determination of the issues was peculiarly within the province of the trial court. No abuse of its discretion has been shown, and no error appears.

The judgment is affirmed.

Seawell, J., Thompson, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.