[Sac. No. 5053.   In Bank.—February 8, 1937.]

JOHN H. GINN, as Administrator, etc., Appellant, v. G. B. PODESTA, Respondent.

Charles P. Snyder and Snyder & Snyder for Appellant.

Virgil M. Airola, Gumpert & Mazzara and C. H. Hogan for Respondent.

THOMPSON, J.—This is an appeal from a judgment quieting the defendant's title to the land described in the complaint. Irving Hill owned a ranch near Comanche in Calaveras County. In 1929 he leased the ranch to the defendant G. B. Podesta for a ten-year term for a rental of one-quarter of the crop, the lease providing that the lessee should furnish Hill with board and lodging. On November 24, 1930, Hill and Podesta executed an agreement canceling the lease, requiring the defendant to pay Hill $100 a month for life, furnish him with board and room and pay his doctor and hospital bills and providing that upon Hill's death the property was to go to Podesta. In pursuance of this agreement and on the same day Hill executed a deed to Podesta which was placed in escrow to be delivered to the defendant upon Hill's death. On September 21, 1932, Hill deeded to Podesta an undivided one-half interest in certain gravel deposits on the described land which had been excepted from the previous deed. The following day Hill was taken to the hospital in Lodi, where he died on September 30, 1932. He was 75 years of age.

The complaint alleges that Hill was incompetent and that these transfers were not voluntary but were obtained by fraud and undue influence. The trial court found against these contentions and quieted title in the defendant in accordance with the prayer of the cross-complaint.

■ The first contention of the appellant is that, although there is direct and substantial conflict in the testimony on the subjects of competence and undue influence, the defendant failed to sustain the burden of showing affirmatively that the transactions were fair and free from influence. Appellant's position is that there was not only an actual relation of trust and confidence but an implied confidential relationship arose from the fact that Podesta was the tenant of the grantor; that, this being so, there was cast upon the defendant the duty of showing a fair and reasonable consideration. This contention is answered by the rule that, assuming, contrary to the finding, there was a confidential relationship, the finding that the conveyance was voluntary, if sustained by the evidence, is conclusive upon the question of whether the burden has been met. (*Estate of Butts*, 201 Cal. 185 [256 Pac. 200].) That there is a conflict in the evidence is admitted. The record has been carefully read and it is our conclusion that the testimony of the witnesses called by the defendant amply supports the findings of competence and voluntary action upon the part of the decedent.

■ A similar contention of the appellant is that the trial court in ruling on the evidence and in making findings failed to distinguish between "mental incompetence" and the "mental weakness", due in part to age and ill health, the taking advantage of which constitutes undue influence under section 1575 of the Civil Code. However the appellant does not contend that any competent and relevant evidence was excluded on this basis, merely that the court showed by its comments on the evidence that it did not make the distinction. That the trial court did make such a distinction is shown by the separate findings that Hill was neither under the influence of Podesta nor anyone else, weakened in mind or incompetent and incapable of caring for his own affairs, and the affirmative finding that the agreement and deeds were executed by him "acting freely and independently and from the dictates of his own mind and will".

█ The appellant offered in evidence, as an admission against interest, the portion of Podesta's deposition taken in advance of trial in which he refused repeatedly to answer questions upon advice of counsel that they were improper. The trial court refused to admit it in evidence. It is also urged that the defendant's refusal to answer on advice of counsel is also a suppression of testimony which is therefore to be construed against him. Assuming the ruling of the trial court to be erroneous, it cannot have prejudiced the plaintiff. Podesta took the stand and testified in his own behalf. He was also called by the plaintiff under section 2055 of the Code of Civil Procedure. The plaintiff therefore had ample opportunity to question him on all matters relevant to the issues.

█ The appellant next complains of rulings limiting his redirect examination of the witness Lyons. Lyons testified on direct examination that Hill was incompetent in his opinion. On cross-examination it was brought out by the defendant that Lyons had an interest in the outcome of the case by reason of the fact that he, his son and daughter were named beneficiaries in Hill's will. The appellant sought to show a statement of Lyons to the effect that he considered Hill incompetent made six days after the death of Hill and also an agreement between Lyons and his children and the Hill heirs by which it was agreed that the contest of the will was good and stipulating that it might be denied probate, the Lyons to take a cash settlement instead of under the will. Obviously the statement sought to be introduced was inadmissible because it was too remote, related to a collateral proceeding and added nothing to the opinion expressed by the witness on direct examination. However, the agreement should have been admitted for the purpose of showing that his interest in the outcome of the litigation did not in fact exist. It is inconceivable, nevertheless, that the appellant was prejudiced by its exclusion. The case was being tried without a jury; many witnesses had expressed themselves as being of the opinion that the deceased was incompetent and susceptible to the influence of others; the witness had expressed his opinion that deceased was incompetent before his death and the proffered evidence was only cumulative and intended to bolster the opinion of the witness already given.

Finally the appellant contends that the trial court erred in denying his motion for a new trial, supported by an affidavit of newly discovered evidence. At the trial appellant attempted to bring out by cross-examination of the witness Osterman, Sr., that he had great influence over Hill and had been induced by Podesta, to whom the witness was indebted, to exert it in his behalf; that an arrangement had been made with the witness whereby it was agreed that Podesta would cancel his indebtedness if Osterman would not disclose these facts at the trial and would prevent his sons from doing so. On the stand Osterman denied his indebtedness. The affidavit of newly discovered evidence sets forth that Osterman and his wife signed a promissory note for $1,000 payable to Podesta; that Podesta, after the trial, filed suit upon it; that Osterman did not answer but his wife did and that no judgment was taken against Osterman but was taken against Lena Osterman only. The counteraffidavit of G. B. Podesta asserts that he always contended that the obligation was that of Osterman as well as of his wife; that Osterman always contended it was his wife's alone and that judgment and attachment proceedings were taken against Lena Osterman only because she had secured the major portion of the community property when she and Osterman were estranged and that she had since voluntarily paid the judgment. We find no abuse of discretion in the denial of a motion for new trial upon the ground of newly discovered evidence which is shown by the affidavit in support thereof to be almost entirely for the purpose of impeaching a witness, especially where controverted by counteraffidavit. (*Waer* v. *Waer*, 189 Cal. 178 [207 Pac. 891]; *Cooper* v. *Kellogg*, 2 Cal. (2d) 504. [42 Pac. (2d) 59].)

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., Seawell, J., Waste, C. J., and Edmonds, J., concurred.