[Civ. No. 9821.   Third Dist.   Mar. 2, 1961.]

HERBERT BLEVIN, as Executor, etc., et al., Appellants, v. BERYL MAYFIELD, Respondent.

James G. Changaris and Francis T. Cornish for Appellants.

Rich, Fuidge & Dawson and Thomas Marsh for Respondent.

PEEK, J.—This is an appeal by plaintiffs Herbert Blevin and Ethel Smith, executor and executrix respectively of the last will and testament of John Robert Howlett, from an adverse judgment in an action to cancel a deed from the decedent to Beryl Mayfield upon the grounds of incapacity, fraud and undue influence.

The deed in question was executed by Howlett nine days prior to his death, at which time he was 86 years of age and suffering from arteriosclerosis. Although he was physically ill, the record contains no evidence to indicate that his physical condition had in any way affected his mental processes. On the day following a severe attack, decedent called defendant to his home and proposed that he sell her the 80 acres in question for the sum of $5,000. He stated he was aware that the property was of greater value, but that he wanted her to have it so that she and her husband would have sufficient property to make a success of their farming operation. The decedent made substantially the same statement to Mr. Koehn, a personal friend, and to Mr. Weis, the attorney who drew the deed. The following day in the company of defendant and Mr. Koehn the decedent went to the law office of Mr. Weis. It is uncontroverted that Mr. Weis was defendant's attorney and previously had done much of the decedent's legal work. Because of decedent's physical condition, Mr. Weis left his office and talked with decedent in a car parked in front of his

office. Weis testified that he thoroughly satisfied himself that decedent was competent and was well aware that the consideration to be paid by defendant was not equivalent to the actual value of the land. The decedent requested Mr. Weis to prepare the necessary documents that afternoon and to do everything necessary to complete the transaction. Although the defendant was not a blood relative of the deceased, she was a niece by marriage and had lived with him during her formative years, and a close familial relationship existed between them.

Plaintiffs' first contention that the court erred in failing to make a specific finding that the deed had been delivered is without merit. ██ The record shows that the court found that the deed had been properly "executed." Such a finding, according to section 1933 of the Code of Civil Procedure, means not only that the instrument was signed but that it was delivered. ██ Furthermore, the deed was recorded, thereby raising a presumption that it was delivered (*Henneberry* v. *Henneberry*, 163 Cal.App.2d 125 [330 P.2d 250]), and since we find no evidence in the record to the contrary, such inference must prevail. ██ Plaintiffs also question the adequacy of the consideration. There can be no question but that the property was worth substantially more than the $5,000 paid by defendant. It is equally unquestioned that a close personal relationship existed between the decedent and the defendant. The testimony of independent witnesses shows that decedent realized the true value of the property, but nevertheless desired defendant to have it for the sum specified. Under such circumstances, it cannot be said as a matter of law that the deed was void as plaintiffs contend.

██ Plaintiffs' next contention that the decedent was not mentally competent to execute the deed is wholly unsupported by the record. All of the witnesses testified that they were of the opinion that the decedent at the time of the execution of the deed was entirely competent to conduct his business affairs.

██ Plaintiffs further contend that even if decedent was competent, because of his weakened physical condition he was more readily susceptible to the alleged undue influence of the defendant. Such a contention, of course, assumes the record contains evidence in support thereof. Our examination, however, has disclosed no evidence in this regard. At best all that plaintiffs have shown was that the decedent was an elderly man who was physically ill and who wished his niece by marriage to have certain property of his for a consideration which he

knew to be inadequate. This court was presented with a very similar situation in *Brunoni* v. *Brunoni,* 93 Cal.App.2d 215 [208 P.2d 1028]. In that case, at page 218, we held that:

"It is readily apparent that the foregoing evidence does no more than show that the decedent was aged, suffered pain and was forgetful. The rules governing capacity to execute a deed are in general the same as those governing testamentary capacity. (*Hughes* v. *Grandy,* 78 Cal.App.2d 555 [177 P.2d 939].) ▉ 'Old age does not render a person incompetent to execute a deed. Nor will sickness, extreme distress or debility of body affect the capacity of the grantor to make a conveyance if sufficient intelligence remains.' (9 Cal.Jur., § 22, p. 119. See *Nessen* v. *Nessen,* 218 Cal. 59, 61 [21 P.2d 415].) Hence the foregoing evidence is insufficient as a matter of law to sustain the finding that the decedent lacked the capacity to execute the deed in question. Nor is such finding supported by the further finding that the value of the property was not less than $20,000 since the uncontradicted evidence (*infra*) shows that decedent was advised of its increased value, but nevertheless desired appellant to have said property for $6,500. Likewise the finding that the decedent was incapacitated from properly attending to her business does not support the judgment as it is equally well established that the ability to transact business is not a test of capacity. (*Estate of Sexton,* 199 Cal. 759 [251 P. 778].)''

▉ Plaintiffs lastly contend that because of attorney Weis' prior relationship with both parties, such a conflict of interest was presented as to compel a reversal. Although plaintiffs argue most strenuously in support of this contention, we cannot agree. The record shows without conflict that at the time the decedent went to the attorney's office and instructed him to draft the necessary documents, the agreement had already been reached between the two parties and therefore the only service performed by Mr. Weis was that of a scrivener. (*Lessing* v. *Gibbons,* 6 Cal.App.2d 598, 605 [45 P.2d 258].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.