[Civ. No. 20181.   First Dist., Div. Three.   Apr. 2, 1962.]

LEOTA M. NAGLE, as Guardian of the Person and Estate, etc., Plaintiff and Appellant, v. ELIZABETH PARKS VALADEZ, Defendant and Respondent.

Lewis H. DeCastle and Alfred F. Maggini for Plaintiff and Appellant.

McKenzie, Arata & Murphy and Gorden McKenzie for Defendant and Respondent.

DEVINE, J.—Rescission of a deed is sought in this action upon the propositions that the grantor was of unsound mind at the time of the execution and that he acted under undue influence of the grantee, the defendant.

The single ground of appeal is that the findings of fact are not supported by the evidence. We shall not relate the evidence at length because, so far as the parties are interested, they have been given a painstaking account of the evidence as

it was analyzed by the able trial judge in his memorandum opinion, and because, so far as others may read this opinion, it accomplishes not much more than to add another stone to the fence which separates the trial court's field of fact finding and the appellate court's domain of questions of law. (4 Cal. Jur.2d, Appeal and Error, § 606, pp. 486, 487.)

On the subject of mental capacity, three witnesses, one of whom was the notary, testified that they were present when the deed was signed, and that the grantor, although 80 years of age and physically feeble, was alert, carried on a long conversation, had the deed read aloud to him, and was not confused. His own physician testified that the grantor was well oriented and alert during the period when the deed was executed, although he was not present on the occasion of the signing. Against this, appellant produced her own testimony that the grantor was forgetful, and testimony by a physician who had never seen the grantor about the effects of arteriosclerosis, with which grantor was afflicted, in general as producing confusion and disorientation. The doctor's testimony, besides the fact that it is somewhat at variance with plaintiff's own testimony to the effect that since the grantor has been removed from company with the grantee he has had a very good mind and that he is able to carry on ordinary, intelligent conversation, also conflicts with the evidence produced by defendant, and, of course, that evidence is substantial and supports the trial judge's finding that the grantor was competent. The issue of mental capacity is essentially factual. (*Nessen* v. *Nessen*, 218 Cal. 59 [21 P.2d 415].)

On the issue of undue influence, let it be noted primarily that no one disputes the fact that the grantor, Olney G. Pedigo, 80, then recently widowed and quite unable to care for himself, promised the grantee that if she would care for him during the rest of his life, she would receive the home which is the subject of this lawsuit. Mr. Pedigo's sister, Mrs. Nagle, plaintiff, approved the plan, and defendant performed her task for about four years, until Mr. Pedigo was removed to a hospital for temporary treatment, according to respondent's testimony. When he was removed from the hospital, Mrs. Nagle was appointed guardian, and she forbade further communication with defendant. Of course, there is a conflict as to the adequacy of Mrs. Valadez' care of the aged gentleman, but it suffices to say that there is ample testimony to show that she performed many distressing tasks well.

A short enumeration of the principal items of evidence produced by plaintiff, together with countervailing particulars, is given in this paragraph, which will show the nature of the case as one in substance, factual only. Mr. Pedigo had no independent legal advice, but Mrs. Valadez testified she had requested his attorney to come, and he failed to do so; defendant did some drinking with her charge, but he enjoyed going with her to see people at taverns in the late afternoons; she withdrew funds from accounts which were supplied in part by Mr. Pedigo, and partly by herself, and expenses included crypts for him, for his wife and deceased sister; defendant testified that she made withdrawals on his directions, **and** there is no attempt in this case to have any funds returned; she had told her husband that she could get Mr. Pedigo to sign anything, according to Mrs. Nagle's testimony of what the husband had repeated to her (this bit of hearsay went in without objection), but this was at a time when Mr. and Mrs. Valadez were quarreling, and Mrs. Nagle paid no attention to it at the time.

The trial judge recognized the existence of the confidential relationship between the grantor and the defendant, and the fact that defendant actively participated in the preparation of the deed, but went on to explain, in his memorandum opinion: ''But this was pursuant to an agreement they first made several years before when there was no question of his competency or freedom of will. She did it at his instance and request. It was not an unnatural instrument. She undoubtedly saved his life soon after his wife died. She took care of him several years thereafter, during which time he was a sick man, progressively getting worse. Indeed, plaintiff knew of their original agreement and that it was a good plan. He wished to repay the only one who was caring for him. She did take good care of him, there is no question about it, and wanted to continue to do so and would have, had she not been prevented by plaintiff.''

Even when the burden shifts to the defendant to show fairness and good faith in the transaction because of confidential relationship, activity by the grantee in preparation and execution of the deed and lack of independent legal advice for the grantor, it is nevertheless incumbent on the appellant, if appellant is the party attacking the deed, to show that no credible evidence was produced from which the reasonable inference might be drawn that the grantor acted voluntarily and with full knowledge of the facts, and a complete under-

standing of the effect of the transaction. (*Ginn* v. *Podesta,* 8 Cal.2d 233, 235 [64 P.2d 1090] ; *Sinclair* v. *Weber,* 166 Cal. App.2d 452, 464 [333 P.2d 158] ; *Roeder* v. *Roeder,* 118 Cal. App.2d 572, 580 [258 P.2d 581] ; *O'Neill* v. *Dennis,* 109 Cal. App.2d 210, 214 [240 P.2d 376].)

██ The lack of independent legal advice to the grantor, a fact stressed by appellant, is an element to be weighed by the trial judge, but it is not essential that the grantor have had such advice, although a confidential relationship exists. (*Brown* v. *Canadian Industrial Alcohol Co.,* 209 Cal. 596, 599 [289 P. 613] ; *Sinclair* v. *Weber, supra,* p. 464; *Roeder* v. *Roeder, supra,* p. 580; *O'Neill* v. *Dennis, supra,* p. 214.)

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.