[Sac. No. 4013. Department One.—July 6, 1928.]

JAMES D. JENNINGS et al., Respondents, v. F. H. WEIBEL et al., Appellants.

Butler, Van Dyke & Desmond for Appellants.

White, Miller, Needham & Harber for Respondents.

SEAWELL, J.—Plaintiffs had judgment in the court below against defendant F. H. Weibel for the sum of $1,900, which sum the court found to be the value of certain poultry and poultry-raising equipment destroyed by a fire found by the court to have been negligently permitted to

escape by said defendant Weibel from premises owned and occupied by him and his wife, Mary Weibel, to the adjoining property of plaintiffs. ■ The sole inquiry upon this appeal is confined to the sufficiency of the evidence to sustain the finding to the effect that appellant negligently suffered a fire burning on his premises to spread into inflammable weeds and grass on his lands and on to lands of plaintiffs. The court, it would appear, was of the opinion that no satisfactory evidence was introduced in support of the allegation of the complaint that defendant negligently set fire to the rubbish pile and it made no finding as to the latter allegation.

Appellant, Weibel, and respondents owned adjoining tracts of land situate near the town of Roseville in the county of Sacramento. The conflagration occurred on August 6, 1925, at a time when grasses and grain-fields are dry and highly inflammable. The fire originated in a rubbish pile on appellant's ranch at a distance of 175 to 200 feet from his poultry house.

Said rubbish pile consisted of three months' accumulation of dry waste and other refuse, such as papers, rags, strings and boxes raked into a heap. Appellant testified that he was working on the premises throughout the day; that he first discovered the fire in the rubbish pile between 2:30 and 3 o'clock in the afternoon; that the entire pile was then on fire; he called to his son and together they attached a hose to a near-by hydrant and wet the ground around the pile to prevent the fire from spreading. A water drain ran past the pile a few feet to the south. Due to seepage from said drain a strip of ground about two and one-half feet in width was covered with a high, dense growth of green grass, and, according to appellant, the dry grass between the rubbish pile and the green grass had entirely burned over when he discovered the fire. Immediately south of the drain was plowed ground and a green alfalfa field. After having wet the ground around the pile, appellant did not deem further assistance from his son necessary, and he remained alone to guard the blaze.

Appellant soon noticed that a new fire had broken out at a distance of 15 or 20 feet from the edge of the wet ground around the pile and beyond the range of the hose. He immediately called his family, consisting of his wife,

son, and daughter, and they used wet sacks in their attempts to quench the fire, but their efforts were unavailing. The fire got beyond their control and spread to respondents' premises, causing the damage complained of.

Appellant and his son stated by way of surmise and conjecture that they were of the opinion that there must have been dry foxtail intermixed with the green growth about the drain, through which the fire crept to the point where it later broke out. Appellant did not apprehend a spread of the fire in the direction of the drain, as he believed the ground there more or less damp from seepage from the drain and the wind was not blowing in the direction of the drain. He had not wet the ground south of the rubbish heap in the direction of the drain, nor had he extinguished the fire in the pile. He was fearful of the spread of the fire to several empty gasoline tanks in another direction and to some dry bushes 15 or 20 feet from the pile which he was wetting when he noticed the second outbreak of fire.

Witnesses on respondents' behalf united in testifying that the day was hot and very windy, and stated that they had noticed heavy smoke coming from the direction of the Weibel place at a point back of Weibel's poultry house before the hour of 2:30 o'clock, the time Weibel claims he first saw it. Mrs. Neilsen testified that she observed it between 12 and 12:30 and the witness A. C. Neilsen testified that he first observed the smoke about 10:30 or 11 o'clock in the morning.

The court below was the judge of the credibility of the witnesses and of the weight, effect, and sufficiency of the evidence. From the testimony briefly outlined above the trial court may have concluded that the fire was burning in the rubbish heap before the hour of 2:30, when appellant claims to have discovered it, under such circumstances that appellant and the members of his family, in the exercise of a due concern for their own interests and those of others, should have been aware of it, and had they used due diligence and care would have extinguished it. Or the court may have concluded that Weibel's lack of due care lay in failing to further investigate the condition of the grass surrounding the drain, which proved to contain dry grasses, with a view to ascertain the possibility of the fire passing

through it. It appears that he did not water the grass around the drain nor the ground between the pile and the drain south of the pile. Although the wind may not have been blowing in that general direction, the presence of a wind, which is frequently variable, blowing to the north should have prompted the exercise of the utmost vigilance to cut off all avenues of escape. Neither did Weibel extinguish the smouldering fire in the rubbish pile. A spark from the rubbish heap may have caused the second outbreak. We have read the evidence as set forth in the transcript and are of the opinion that it furnishes a sufficient basis for the judgment.

The judgment is affirmed.

Curtis, J., and Preston, J., concurred.