[Civ. No. 8405. First Appellate District, Division Two.—April 13, 1932.]

EDWARD STEPHENSON, Respondent, v. GRACE BRAND, Appellant.

544

Daniel R. Shoemaker for Appellant.

Willard P. Smith for Respondent.

TUTTLE, J., *pro tem.*—This is an action brought to quiet title to real property, and the appeal is prosecuted from a judgment in favor of plaintiff.

Plaintiff is the surviving husband of Lucy C. Stephenson, deceased. During the married life of said parties a parcel of real property in San Francisco was conveyed to both of said parties, and stood in their names upon the records. It is admitted that said property was purchased with community funds. Respondent contends that upon the death of his wife the title to said property vested absolutely in him. Appellant, who is the only child of Lucy C. Stephenson by a former marriage, claims that the title vested in the parties as tenants in common, and that she has an interest therein as the sole heir of her mother, who died intestate.

■ Section 164 of the Civil Code provides that property "if acquired by such married woman and her husband, or by her and any other person, the presumption is that she takes the part acquired by her, as tenant in common, unless a different intention is expressed in the instrument". This presumption is disputable in a case of this character (5 Cal. Jur., p. 321, and cases cited), and any competent evidence, oral or otherwise, touching the manner whereby the property was acquired is admissible. (*Killian* v. *Killian*, 10 Cal. App. 312 [101 Pac. 806].) ■ It is only where the presumption is not controverted that the court is bound to follow it. Whether or not it is so controverted is a question of fact for the trial court, and the conclusion of that tribunal is conclusive upon an appellate court, unless it is manifestly without sufficient support in the evidence. ■ It being admitted that the property was purchased with community funds, it was necessary, in order to make any of the property the separate property of the wife, that it should have been given to her by her husband. The intent to make it her separate property is a material factor in the case, and the husband may testify as to his intent when the property was acquired. (*Fanning* v. *Green*, 156 Cal. 279 [104 Pac. 308].)

■ Respondent was the only witness called in the case. He testified that he paid the full purchase price for the property from his earnings and during his married life, and paid all taxes thereon; that when the property was acquired he had no conversation with his wife about the transaction, and that he never intended to give her the property or any interest therein. For some unknown reason the deed was never introduced in evidence, or read into the record, although it appears that it was shown to this witness. No evidence was introduced by appellant. The court found that no gift of the property, or any interest therein, was made by respondent to his wife, and that appellant had no interest in the same.

Appellant contends that the findings are not supported by the evidence, in that the presumption mentioned is not controverted. In this connection he relies upon the following portion of his cross-examination of the husband:

"Q. Do you remember on the 26th day of September, of this year, when your deposition was taken?

"A. Oh, yes, yes.

"Q. Did you at that time make the following statement in answer to a question put by myself: 'Did you intend then, if you didn't have any conversation, that she should have one-half interest in the property? A. Yes.'

"A. As long as she lived."

Appellant argues that "the testimony is directly contradictory and the contradiction is out of the mouth of the same witness. We would say, and we feel that this court must agree with us, that unless the plaintiff has other and further evidence he has not presented any evidence to controvert the presumption." To this statement of the rule upon appeal we must register an emphatic disagreement. The foregoing proceeding was merely an attempt to impeach the witness by statements inconsistent with his present testimony (Code Civ. Proc., sec. 2052), and this is simply an effort to compel an appellate court to pass upon the credibility of the witness, a function which is exclusively committed by law to the trial court (*Jennings* v. *Weibel*, 204 Cal. 488 [268 Pac. 901]) and which we are precluded from exercising. If, when the witness at the trial testified that he did not intend to make a gift, the trial court believed him and found accordingly, our inquiry ends there, and prior contradictory statements are of no consequence. Such evidence controverts the presumption, and will support the finding in question. The point, therefore, is without merit.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.