[Sac. No. 4748. In Bank.—August 30, 1933.]

HATTIE FORBES, Respondent, v. ELSIE E. RING, Appellant.

A. J. Carlson for Appellant.

George F. Sharp for Respondent.

PRESTON, J.—■ The question here is whether the evidence sufficiently supports the findings and whether the findings support the judgment.

The cause involves a controversy between half-sisters over a purported division of property made to them by their mother during her last illness and it follows the general trend of a family quarrel with contradictory testimony given by the opposing parties.

Plaintiff seeks the cancellation of a deed made by the mother conveying certain real property to defendant and in her complaint she alleged that at the time said deed was executed the mother was over seventy years of age, ill, infirm, of such unsound mind as to be wholly incapable of transacting business and had for two days prior thereto been in a state of coma from which she never regained consciousness; that defendant, who lived with the mother until her death, well knew her condition, but, with the intention of cheating and defrauding plaintiff out of her share in said property and, taking advantage of the close and intimate relation with her mother, procured her to execute and deliver said deed without knowledge of plaintiff and immediately placed it of record.

The cause was heard by the court sitting without a jury. It found that the mother had expressed her wish to the daughters that her property be divided, but that she gave no instructions as to how or in what manner the division was to be accomplished; that defendant, without conferring with plaintiff, and leaving plaintiff in ignorance of her action, caused said deed to be drawn and executed; that defendant took advantage of her close and intimate relation with her mother to deceive the mother into the belief that defendant and plaintiff had agreed upon execution of the conveyance; that the entire matter of procuring it was done clandestinely by defendant and with the intent on her part to cheat and defraud plaintiff out of her share of said property. Judgment followed for plaintiff. Defendant appealed upon the grounds first hereinabove mentioned.

The evidence shows that the relationship between these half-sisters had long been inharmonious; that defendant was closer to and more intimate with the mother, having lived at her home for many years while plaintiff resided in a

different part of the state; that in May, 1930, the mother was suffering from a fatal malady and about the time of her removal to the hospital, plaintiff arrived to see her; that the mother felt that she would not recover and took occasion to tell her daughters that she desired them to "make up" and "get along" and "settle everything in a peaceable manner". It is the claim of defendant that the mother also indicated that she wished her real property to be divided and had planned that defendant should have the family home and that plaintiff should take two unimproved lots in Richmond, California. These parcels of real property, together with the furnishings in the home, personal belongings and $3,700 in a savings account, constituted the mother's entire estate.

Defendant moved to the hospital with the mother and was in constant attendance upon her save for a few hours each day, when she was relieved by plaintiff. Two days prior to the mother's death, to wit, on May 26, 1930, defendant, during her relief period, caused deeds to be prepared conveying to her the said home and to plaintiff the said lots. She then brought these documents back to the hospital with her; took plaintiff's place at her mother's bedside, but did not mention to plaintiff what she had done or what she contemplated doing with respect to said conveyances. After plaintiff left the hospital, and during the same afternoon, while the doctor and a nurse were present in the room, defendant exhibited the deeds to her mother, explained their purport and the mother thereupon executed them as best she could, by making her mark thereon, and the doctor and the nurse witnessed them. After execution the deeds were handed back to defendant, who laid them aside until she again saw plaintiff. She then delivered to plaintiff the deed to the Richmond lots, but plaintiff was not satisfied with this purported property division and soon returned said deed to defendant. The deed to the home, the cancellation of which is here decreed, remained in the possession of defendant and she recorded it shortly after the passing of her mother. Defendant could give no real explanation of her failure to advise plaintiff of her intention to secure the signature of the mother to these deeds or for her failure to ask plaintiff to remain during the consummation of the transfer.

It is not necessary to further detail the evidence. It suffices to say that the court was warranted in believing that defendant took advantage of her mother's condition and of their intimacy to deceive the mother and to defraud plaintiff. The allegations of the complaint in effect charge incompetency of the grantor, undue influence, fraud and · deceit. The findings do not follow the wording of these allegations, but they are full and complete and in substance and effect definitely express the conclusion that the deed was procured as the result of fraud, undue influence and deceit practiced by defendant. We have no hesitancy whatsoever in holding that the findings as drawn support the judgment and the evidence sufficiently supports the findings.

The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., Waste, C. J., Seawell, J., and Thompson, J., concurred.