[Civ. No. 5032.   Third Appellate District.—March 16, 1934.]

MARGARET P. WHITAKER, Appellant, v. FRANCIS
WHITAKER, Respondent.

William A. Barnhill, Barnhill & Tripp and Roger Marchetti for Appellant.

W. I. Gilbert and George Bouchard for Respondent.

LEMMON, J., *pro tem.*—On this appeal attack is made upon that part of a judgment in a divorce action which awarded to respondent property claimed by appellant as her separate estate.

The parties to this action were married in 1920. At the time of the marriage, the husband, respondent herein, was possessed of property valued at approximately $500,000, and shortly after the marriage he inherited other property of about the same value. During their married life the properties were acquired and the transactions had, which are here involved. At the time of the marriage appellant was possessed of little, if any, property and acquired no separate estate during the marriage other than corporate securities given to her by respondent and which the parties admit amounted to the approximate value of $140,000.

The trial court awarded to respondent eleven parcels of real property, the title to which had been taken by several deeds to respondent and appellant either as joint tenants or as tenants in common. Appellant contends that presumptively an undivided one-half interest in each of the parcels vested in her as her separate property, that the burden of overcoming the presumption was on the respondent and that he failed to overcome the presumption arising from the face of the deeds.

The presumption declared by section 164 of the Civil Code, applicable to the situation here presented, is disputable. The court is bound to find in accordance with the presumption only in the absence of evidence tending to overcome it. The presumption "may be controverted by evidence, direct or indirect". (Sec. 1961, Code Civ. Proc.)

There is evidence in the case from which the trial court might find as it necessarily did find, that the separate estate of respondent furnished the funds for the acquisition of the properties in dispute. To that fact respondent definitely testified. In order to make any portion of the disputed property the separate property of the wife, it was necessary that it should have been given to her by her husband. A gift will be presumed under the statutory presumption where a gift is essential to the theory that the property

is the wife's separate property. (*Alferitz* v. *Arrivillaga,* 143 Cal. 646 [77 Pac. 657].) But again the presumption of gift may be controverted and the conclusion of the trial court in this regard is final if it has support in the evidence.

In addition to the circumstance that the property was acquired through and from respondent's separate estate, respondent testified that he did not intend to give to appellant any interest in the properties. In substantiation to some extent of this, and in explanation of why the deeds were thus executed, he stated that at the time of the acquisition of the first parcel of property in question, he was informed by a title company official that it was necessary in this state that the property be taken in the names of both husband and wife.

Standing alone, the fact that the husband's separate estate was the source from which the funds came, which were used in the acquisition of the properties, is not evidence to overcome the presumption of gift (*Hitchcock* v. *Rooney,* 171 Cal. 285 [152 Pac. 913]), but in the light of respondent's testimony that he did not intend a gift, it is a circumstance which the court might consider with the other evidence in determining whether the presumption had been overcome.

Where title is taken in the name of the wife, the testimony of the husband that he did not intend to make a gift of his separate property or of his interest in the community is sufficient, if believed by the court, to overcome the presumption declared by section 164 of the Civil Code. (*Eaton* v. *Locey,* 22 Cal. App. 762 [136 Pac. 534] ; *Pabst* v. *Shearer,* 172 Cal. 239 [156 Pac. 466] ; *Fanning* v. *Green,* 156 Cal. 279 [104 Pac. 308] ; *Stephenson* v. *Brand,* 122 Cal. App. 543 [10 Pac. (2d) 476].)

The trial court believed respondent's testimony that he did not intend a gift, and held that the presumption had been successfully overcome and, while a different conclusion might well have been reached, this court cannot say that the finding is without substantial support in the evidence.

It is claimed that respondent gave further and other testimony which indicates that he did intend to make a gift of the properties to his wife. It suffices to say in reply that his statement in one part of his testimony that he

had no such intention was a positive assertion and that it is not within the province of this court to pass upon the credibility of the witness. The doubt, if any, to be cast upon that statement by his later utterances was a matter to be determined solely by the trial court. (*Jennings* v. *Wiebel*, 204 Cal. 488 [268 Pac. 901].)

■ Appellant testified that early in their married life respondent gave her $7,000, which sum was used in the purchase of properties, the proceeds from which were employed in the purchase of the real property here in dispute. This testimony finds no direct refutation in the record. During the married life of the parties, certain instruments were executed by respondent to appellant. By the terms of two of these instruments, respondent agreed to transfer to his wife certain corporate stock and the other three documents are in the nature of acknowledgments of indebtedness owing from him to her. The trial court found that the promises in each instance were without consideration and ordered the instruments canceled. Appellant testified they were executed by her husband to represent her one-half interest either in money drawn by him from the bank to be used by him in separate ventures, or to adjust the rights of the two parties in stock purchases. Respondent admitted that he had not discharged the obligations under these documents and stated that he did not know the consideration for either one of his promises contained therein. He does not directly deny the conversations testified to by appellant as having occurred at the times the several instruments were executed.

We are therefore to consider the right of the trial court to disregard the testimony of the one witness who testified directly upon facts necessarily in issue.

In this action respondent filed a cross-complaint charging adultery. The court found appellant guilty of seven separate offenses under this charge and also found against appellant upon all of the issues relating to the causes of action of both parties for divorce. The testimony upon those issues is not set forth in the transcript for the reason that the findings thereon and that portion of the judgment which dissolves the marriage status of the parties is not attacked. We may assume, however, that the testimony given by appellant in substantiation of the charges in her complaint

was disbelieved by the trial court in its entirety, and that the court therefore put no credence in the further testimony given by her, and which related to the property transactions between the parties. The trial judge heard the evidence, and had the opportunity of observing her manner as a witness upon the stand, and her deportment under examination. Having found that she was not to be believed in a part of her testimony, the court was warranted in concluding that credence was not to be placed in other of her testimony.

The rule that the uncontradicted testimony of a witness cannot be disregarded is subject to the limitation that the trial court or jury may discard such testimony when the surrounding circumstances of the case afford probable justification for such action. (*Otten* v. *Spreckels*, 24 Cal. App. 251 [141 Pac. 224].) The rule was expressed by Mr. Justice Lorigan in the case of *Davis* v. *Judson*, 159 Cal. 121, 128 [113 Pac. 147], in these words:

"The most positive testimony of a witness may be contradicted by inherent improbabilities as to its accuracy contained in the witness' own statement of the transaction; or there may be circumstances in evidence in connection with the matter, which satisfy the court of its falsity; the manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement and influence it to disregard his positive testimony as to a particular fact; and as it is within the province of the trial court to determine what credit and weight shall be given to the testimony of any witness, this court cannot control its finding or conclusion denying the testimony credence, unless it appears that there are no matters or circumstances which at all impair its accuracy."

Reviewing courts are slow to overturn the trial court's findings, even when contrary statements which are uncontradicted appear in the testimony of witnesses. (*Blanc* v. *Connor*, 167 Cal. 719 [141 Pac. 217].)

"Unless the action of a trial court or jury in repudiating testimony given before it appears to be inherently erroneous or upon its face as involving an arbitrary disregard of such testimony, an appeal court must assume and, indeed, presume, that upon sufficient reasons the testimony was deemed to be wanting in verity, and, therefore, without

probative or evidentiary force or value." (*Pacific Coast etc. Fruit Co.* v. *Sheriffs,* 31 Cal. App. 131, 137 [159 Pac. 986].)

■ The fact that the witness who gave the uncontradicted testimony is directly interested in the outcome of the litigation is a circumstance important in weighing the testimony given. (*County of Sonoma* v. *Stofen,* 125 Cal. 32 [57 Pac. 681].) By the provisions of the documents respondent had obligated himself to appellant for $80,000 in cash, and corporate stock the value of which does not appear in the record. Appellant testified that the total of the principal of the promissory notes and the stock value represented one-half of the fund available from profits arising from the sale of real estate. Under an appointment made by the court, an audit was made by an accountant of the financial transactions of the parties. The report returned by the accountant discloses the total net profit accruing from purchase and sale of all property during the period to be $96,380.34. The inconsistency between this report and appellant's testimony was another circumstance which the court might and undoubtedly did take into consideration in refusing credit to her statements. It was proper to take into consideration the falsity of testimony given by her upon the issues relating to the causes of action for divorce. The fact that she swore untruthfully in a part of her testimony is a circumstance warranting the trier of the case to distrust and disregard her statements in other parts of her testimony. Other circumstances may be noted which cast discredit upon her testimony. Her assertion that she had managed the properties and attended to all of the details thereof and that her husband was unable to care for the same, was weakened by her inability to give the details of the various transactions and the production of the books kept by her husband which minutely and carefully detailed the different transactions.

In view of the foregoing we cannot say that the trial court acted arbitrarily or without circumstances in the case sufficient to warrant findings contrary to appellant's testimony.

■ The sale of a parcel of real property which had been taken in the names of both parties brought in part payment a promissory note in the principal sum of $40,000 executed

by Annie W. Stimson. Appellant and respondent are the payees therein. The judgment awarded the note to respondent as his separate property. Respondent did not testify that he did not intend to effect a gift of a half interest in the note to his wife. The presumption arising from the taking of title to the note in the names of the parties that appellant thereby became vested with a half interest therein is unchallenged by any evidence in the case.

Finally, appellant complains that a certain yacht known by the name "Marguerite" and claimed by her as her sole and separate property was adjudged to be joint property of the parties. Respondent makes no mention of this property in his brief, and impliedly confesses error by his silence in this regard. It appears that the purchase price of the yacht was $13,500, $4,000 of which amount was paid as an allowance on another boat owned by appellant and transferred to the sellers. The balance of the purchase price was paid by checks drawn by appellant upon her own bank accounts, and in which accounts was deposited the income from securities given to her by her husband. These checks were produced and offered in evidence. There is nothing in the record showing that respondent claimed any interest in the yacht or questioned the authenticity of the checks. The checks were made payable to the vendor of the yacht and the last of the checks has the notation thereon, "Payment in full for Margaret." All of the facts and circumstances show conclusively that the yacht is appellant's separate property.

The judgment is modified by awarding to appellant an undivided one-half interest in the promissory note executed by Annie W. Stimson in the principal sum of $40,000, together with an undivided one-half interest in the deed of trust given to secure the payment of said note and by awarding to appellant the yacht "Marguerite". As so modified, the judgment appealed from is affirmed, appellant to recover her costs on appeal.

Plummer, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 14, 1934.