[Civ. No. 6616.   Third Dist.   Feb. 10, 1943.]

G. B. PODESTA, Respondent, v. CHARLES MEHRTEN et al., Appellants.

Jos. H. Huberty for Appellants.

J. Calvert Snyder, Gumpert & Mazzera and Virgil M. Airola for Respondent.

SCHOTTKY, J. pro tem.—This is an appeal from a judgment quieting respondent's title to certain real property in Calaveras County.

The facts, as shown by the record, may be summarized as follows:

On May 1, 1929, one Irving Hill, predecessor in interest of respondent, as the owner of the five parcels of real property involved in the action, entered into a contract in which appellant Mehrten was the party of the second part and

appellants Bert Lyons and Gussie Lyons were the parties of the third part. Said contract granted to appellant Mehrten the right to sell at any time within fifty years from date the sand and gravel from said land at a specific price, and to extract and divide, as provided, the precious metals recovered; it permitted the construction and installation of gravel plants, structures, washing equipment and a railroad over a designated route. Said contract provided further: (1) That before the construction of the railroad, either $1,000 or $2,200 should be paid, depending upon the route selected; (2) that said railroad be completed on or before May 1, 1931; (3) that the second party deposit in a Stockton bank on or before August 1, 1930, at least $50,000 for use upon said project; (4) that the gravel plant be kept in continuous operation, or, in lieu thereof, that second party pay to first party not less than $125 per month and to third parties not less than $62.50 per month. None of the conditions aforesaid were performed by the appellant Mehrten or his assignee, Fred Beerman, and it is not disputed that said contract was subject to forfeiture and was in fact abandoned.

On May 10, 1929, said Irving Hill entered into a supplemental contract with the same parties, relating to the same property, which supplemental contract declared that the purpose of the first contract was to enable the second party, appellant Mehrten, to promote the sale of rock, sands, gravel and precious minerals, and recited further that said first contract having been assigned to Fred R. Beerman, it was possible that he might fail to carry out its terms and conditions, but that the party of first part, Hill, realizing the difficulties attendant upon such venture and being desirous of permitting the second party to promote the sale and operation of said property in the event of Beerman's default, agreed to new and different arrangements, said contract reading in part as follows:

"NOW, THEREFORE, in consideration of the mutual promises and agreements of the parties hereto, each with the other, and in further consideration of the work heretofore done by the second party, and the moneys heretofore expended by the second party, in promoting said enterprise, and in further consideration of the work to be done and moneys to be expended, by the second party, in the event that the said Fred R. Beerman hereinbefore referred to, should fail to carry out said contract of May 1st, 1929, the

first party hereby gives and grants unto the second party the right and privilege for a period of fifty years, after the default of said Fred R. Beerman, or his assignee, in carrying out said contract of May 1st, 1929, within which to make sale of said gravels, rocks, sands and precious minerals, under the same terms and conditions as are contained in said agreement of May 1st, 1929, in other words, in the event that said contract of May 1st, 1929, for any reason is cancelled, and becomes no longer effective then, in that event, the second party is granted and is hereby given an additional fifty years period of time within which to make sale of said properties, for the amounts and under the same terms and conditions as are contained in said contract of May 1st, 1929, and likewise the third parties shall receive the amounts of moneys at the times and in the manner as in said contract of May 1st, 1929 contained.''

The said agreement did not recite any other consideration but at the trial of the action, after the testimony was closed and argument had begun, appellants were permitted by the trial court to reopen their case, and appellant Mehrten thereupon testified that at the time said second or supplemental contract was entered into he had paid to Hill the sum of $10 as a consideration therefor. There was no other testimony as to this payment, Hill being deceased at the time of the trial.

In support of his complaint respondent introduced in evidence a deed from Irving Hill to himself, covering the property in controversy, dated November 24, 1930, and testified that he had gone into possession of said property on said date, that he had been in exclusive possession of it ever since and had paid taxes on the property ever since. Respondent also introduced in evidence a notice of rescission and termination of said agreements of May 1, 1929, and May 10, 1929, which notice was signed by Irving Hill and was served on appellants on March 3, 1932.

The deed by which respondent obtained title to the real property here involved from Irving Hill recited that it was subject to both of the contracts hereinbefore mentioned.

It is not claimed that there was any performance under the contract of May 1, 1929, nor is it contended that appellant Mehrten did anything in fulfillment or performance of the supplemental contract of May 10, 1929.

The trial court found that the agreement of May 1, 1929,

was never performed by appellants or Beerman, and as to the agreement of May 10, 1929, the court found as follows:

"It is true that said instrument of May 10, 1929, did not in any manner or to any extent bind the defendants, or any or either of them, to do or perform anything whatsoever for the benefit of said Irving Hill, but there was an entire lack of mutuality of obligation in said instrument and that there was no consideration of any kind or character whatsoever moving from the defendants, or either or any of them to said Irving Hill to support said written instrument."

The court found further that respondent was owner of the property involved and that appellants had no interest in said property or in any portion thereof or in any portion of any deposit of rock, gravel, sand or minerals therein or thereon. Judgment in favor of respondent was entered in accordance with said findings and this appeal is from said judgment.

Appellants attack vigorously the finding of the trial court that there was no consideration to support the agreement of May 10, 1929. Appellants assert that the undisputed evidence shows that $10 was paid to Hill for the making of the contract and that "there is no evidence to the contrary and no attempt whatsoever was made by the plaintiff and respondent to show any lack of consideration, yet the burden of showing such was upon him." Appellants cite section 1614 of the Civil Code which states that "a written instrument is presumptive evidence of a consideration" and section 1963, subdivision 39, of the Code of Civil Procedure which states with reference to presumptions "That there was a good and sufficient consideration for a written contract." Appellants also cite section 1615 of the Civil Code to the effect that the burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it.

Respondent does not dispute these well settled principles but asserts that the consideration recited in the agreement must be deemed to be the only consideration in support of the instrument until the contrary is shown. Respondent states, and we think correctly, that the consideration recited in the agreement is not sufficient to support it and appellants do not seriously question this, but contend that the general presumption of consideration and the undisputed

evidence of appellant Mehrten that he paid Hill $10 for making the contract compel a finding that there was sufficient consideration for the contract.

The question presented is an unusual one and we have been unable to find any authority directly in point. However, it appears to be the rule that the recital of a certain specific consideration in an agreement subscribed by both parties is a statement or admission of the parties that such was the consideration and is prima facie evidence to that effect. In the case of *Pomper* v. *Behnke,* 97 Cal.App. 628 [276 P. 122], this court said at page 636:

" 'The statement in the deed that a certain sum has been paid as the consideration is an admission or acknowledgment of the grantor that such is the fact, and such statement may be accepted as *prima facie* evidence of its truth.' (2 Devlin on Deeds, 2d ed., § 817.) Paraphrasing a statement of the late Justice Hart of this court, in an opinion written by him, viz., *Kinsell* v. *Thomas,* 18 Cal.App. 683, at 692 (124 P. 220, 224), it may be said here: 'There is no evidence in the record rebutting the inference that the amount recited in the deed as the consideration for the conveyance to Emelia Pomper of Los Angeles in 1908, viz., the sum of $10 was the sum actually paid by her to Fritz Pomper for the realty.' "

In the case of *Kinsell* v. *Thomas,* 18 Cal.App. 683 [124 P. 220], the court said at page 692:

"There is no evidence in the record rebutting the presumption that the amount recited in the deed as the consideration for the conveyance to plaintiff, viz., the sum of $10, was the sum actually paid by plaintiff to Joseph S. Thomas for the land and its improvements (13 Cyc. 613; Devlin on Deeds, § 817), and it must, therefore, be assumed that that sum was the amount so paid for the land."

Assuming then that the recital of the consideration in the contract may be taken as evidence that such was the consideration, must it be held that the testimony of appellant Mehrten that he paid $10 to Hill for the making of the contract left no alternative for the trial court except to find that there was a sufficient consideration for the contract? We do not think so. Under well established rules of law the trial court is the sole judge of the weight and effect of the testimony and in the instant case we believe the trial judge had a right to weigh the recital in the agreement as to what

the consideration was against the testimony of appellant Mehrten that he had paid Hill $10 for making the contract.

"But," argue appellants, "the oral testimony of Mehrten, uncontroverted and undenied, was sufficient to establish payment of actual consideration," and appellants cite 10 Cal. Jur. 1143, par. 362, where it is stated, "The uncontradicted testimony of a witness to a particular fact may not be disregarded, but should be accepted as proof of the fact." There are several answers to this contention. In the first place the testimony of appellant Mehrten is not "uncontradicted" but is contradicted by the recital of consideration in the contract. It is true that no witness testified contrary to appellant Mehrten on this point but it is also true that he produced no other evidence than his bare statement. Hill, the other party to the contract, was dead and could not testify. ▮ Furthermore, the court was not compelled to accept the statement of Mehrten, even though uncontradicted by any other witness, as proof of the fact. As this court said in the case of *Norgard* v. *Estate of Norgard,* 54 Cal.App.2d 82 [128 P.2d 566], at page 89:

"The trial court is the sole judge of the weight and effect of testimony and of the credibility of witnesses, and is free to disbelieve them, even though they are uncontradicted, if there is any rational ground for doing so. (*Davis* v. *Judson,* 159 Cal. 121 (113 P. 147).) As was said by our Supreme Court in the very recent case of *Blank* v. *Coffin,* 20 Cal.2d 457 (126 P.2d 868):

" 'There are many reasons why a jury may refuse to believe a witness. Section 1847 of the Code of Civil Procedure provides: "A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character for truth, honesty, or integrity, or his motives, or by contradictory evidence; and the jury are the exclusive judges of his credibility." Section 2061(3) of the Code of Civil Procedure provides: "That a witness false in one part of his testimony is to be distrusted in others." In passing upon the credibility of a witness, the jury is entitled to consider his interest in the result of the case. (See cases collected in 27 Cal.Jur. 180, Sec. 154.) ' "

And as was said in the case of *Davis* v. *Judson,* 159 Cal. 121 [113 P. 147], at pages 128, 130:

"It is insisted by appellants that this testimony of Wilson

stood uncontradicted and that the court had no right arbitrarily to reject it and find to the contrary.

"While it is the general rule that the uncontradicted testimony of a witness to a particular fact may not be disregarded, but should be accepted by the court as proof of the fact, this rule has its exceptions. The most positive testimony of a witness may be contradicted by inherent improbabilities as to its accuracy contained in the witness's own statement of the transaction; or there may be circumstances in evidence in connection with the matter, which satisfy the court of its falsity; the manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement and influence it to disregard his positive testimony as to a particular fact; and as it is within the province of the trial court to determine what credit and weight shall be given to the testimony of any witness, this court cannot control its finding or conclusion denying the testimony credence, unless it appears that there are no matters or circumstances which at all impair its accuracy. . . .

"So that, within the rule as we have stated, while the trial court had the statement of Wilson that he was sure that he had obtained a deed from the trustees, and although there was no direct testimony impeaching him or contradicting his statement, still the conduct of Wilson, as disclosed by his other testimony and the other circumstances in evidence, were such that the court had a right to conclude that they were inconsistent with the execution of any conveyance to Wilson, and warranted the rejecting as improbable his statement that such a conveyance had been made. (*Blankman* v. *Vallejo,* 15 Cal. (638), 645; *Baker* v. *Fireman's Fund Ins. Co.,* 79 Cal. (34), 41 (21 P. 357); *Chico Bridge Co.* v. *Sacramento Tr. Co.,* 123 Cal. (178), 184 (55 P. 780).)"

See, also, *Whitaker* v. *Whitaker,* 137 Cal..App. 396 [30 P.2d 538]; *Hinshaw* v. *Hopkins,* 37 Cal.App.2d 230 [99 P.2d 283].

Applying the test of these authorities to the testimony of appellant Mehrten relating to the payment of the $10 to Hill, we believe it cannot be said that "there are no matters or circumstances which at all impair its accuracy."

It is apparent from a reading of Mehrten's entire testimony, as it appears in the transcript, that he had a poor memory as he had difficulty in recalling matters concerning

which he was interrogated. At one point of his testimony he stated, "Well I am not prepared to answer, because I can't remember these things unless I write them down, and I am not sure when that was." The record also shows that it was not until the testimony was closed and argument had begun that Mehrten was put back upon the stand and testified about the payment of the $10 to Hill. There is also the fact that the contract itself, which Mehrten signed, makes a recital as to the consideration and makes no mention of the $10. These were all matters which, in our opinion, the trial court might well have taken into consideration in weighing the testimony of Mehrten, and under the rule of the authorities hereinbefore cited we believe that the trial court had at right to conclude that Mehrten was mistaken in his statement that he had paid Hill $10 for making the contract.

We conclude, therefore, that the finding of the trial court that there was no consideration for the contract of May 10, 1929, is supported by the record.

Appellants also attack the court's finding that there was a lack of mutuality of obligation in the contract. In view of our conclusion that the finding of lack of consideration is supported by the record, the question of mutuality of obligation becomes unimportant. However, as is conceded by respondent in his brief, "the instrument executed on May 10, 1929, amounted to nothing more than an offer on the part of Mr. Hill to permit and allow the appellant Mehrten to sell and dispose of the sand and gravel in question," and was, therefore, merely an option which is a unilateral contract not founded upon mutual promises. It is stated in 6 Cal.Jur., pages 213, 214, section 140, that as a unilateral contract is not founded on mutual promises, the doctrine of mutuality of obligation is inapplicable to such a contract; that promises or mere offers, unilateral at first, may be enforced when mutuality is secured by an executed consideration, is sustained upon well-recognized principles; that an option, in the form of a unilateral contract, supported by a consideration, furnishes another illustration of an agreement which is valid notwithstanding the lack of mutuality; and that it is no objection to the validity of the contract that the holder of the option is under no obligation to exercise it.

It is not disputed that prior to the commencement of the action appellants were served with a notice of rescission of the contract and were also informed that their rights under

the agreement were at an end. Appellants argue that their rights under the agreement could not be thus terminated because the rights or option granted to appellants were supported by a sufficient consideration. It is, of course, the law that where there is no consideration to support an option it may be withdrawn at any time before acceptance; and so in the instant case, if the option in question were supported by a sufficient consideration it could not have been withdrawn. But the difficulty with appellant's position on this point is that the trial court found that there was a lack of consideration and we have already held that such finding is supported by the record.

Upon the oral argument and in a supplemental brief, respondent advanced the argument that the document of May 10, 1929, did not give appellants any interest in the real property involved but was merely an authorization to appellants to make sale of the sand, gravel, rock and minerals on certain conditions, and that such an agreement is merely a personal covenant and is not a covenant running with the land. The deed to respondent states specifically that the property was conveyed to respondent subject to the agreement of Hill with appellants and it would seem to us that respondent took said property subject to whatever rights appellants had under said agreement. However, in view of the fact that there was no consideration for the contract or option and the further fact that said right or option was not exercised by appellant Mehrten before the commencement of the action, it becomes unnecessary for us to prolong this opinion unduly by a lengthy discussion of the question of whether or not the right or option granted to appellant Mehrten by said agreement was or was not a covenant running with the land.

In view of the foregoing the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied March 11, 1943.