[Civ. No. 7224.   Third Dist.   Dec. 3, 1946.]

HARRIETT E. LEATHERS, Plaintiff and Appellant, v. LORAINE LEATHERS, Defendant and Appellant.

Robert H. Schwab, Jr., and E. L. Means for Plaintiff and Appellant.

A. G. Bailey for Defendant and Appellant.

PEEK, J.—This is a controversy between mother and son based on certain transactions between them relating to the

operation of a 108-acre ranch where they both were living and an additional 200 acres under lease from other persons. The mother had inherited a life estate therein from her deceased husband, the remainder vesting in six children, including defendant.

Defendant first worked on the ranch prior to his father's death for approximately $4 per day and thereafter continued to be employed by the mother at wages which ultimately were increased to $180 per month.

In 1938 plaintiff developed serious physical ailments which confined her to her home and bed and prevented her from thereafter taking any active part in the farming of the property. This condition continued more or less unabated throughout 1942. In October of that year, at defendant's request, plaintiff executed a lease of the farm to him for a term of three years on a share and share alike basis, and also executed an assignment to him of an undivided half interest in approximately 150 hogs then on the premises. In addition thereto on or about October 21st of the same year, defendant procured plaintiff's signature to a bill of sale of the farming machinery, including two tractors, a truck, and some mechanized equipment such as mower, plow and cultivator, of the value of $4,000, which, according to the testimony of plaintiff and her son Charles and her daughter Reva, defendant agreed to return to her on demand.

In the spring of 1943 plaintiff made demand on defendant for the return of the bill of sale, and upon defendant's refusal to comply therewith the present action was instituted charging fraud and undue influence in the procurement of all the instruments and asking that they all be canceled, that a trust be impressed upon the property evidenced thereby, and that defendant be required to account for certain moneys and grain alleged to be owing to plaintiff. Defendant answered denying the allegations of the said complaint.

At the conclusion of the hearing on the issues so joined, the trial court found generally that the plaintiff was at all times mentally alert and competent to transact her own business, that she was not dominated by the defendant and was not a person susceptible to undue influence or easily imposed upon, and that there was no confidential relationship between the parties.

With respect to the lease and hog contracts, the court specifically found that they were made upon a good and valuable

consideration, were fair and equitable, and were entered into knowingly and voluntarily without fraud or undue influence.

With respect to the bill of sale for the farming machinery, however, the court specifically found that while there was no consideration therefor it was not intended as a gift but was procured upon the representation of the defendant that it was merely a security to protect him against loss on the lease in case plaintiff should die and the other children refuse to recognize the lease, and that defendant promised he would surrender it to her upon demand. The court further found that said representation and promise were false and fraudulent and made with the intent to deceive and specifically that defendant had no intention of carrying out his promise to surrender the instrument. In addition, the court found that the defendant used undue influence in procuring the execution of the said bill of sale.

Accordingly it was adjudged that the lease and hog contracts were valid subsisting obligations, that the bill of sale was invalid, and that plaintiff was entitled to a cancellation thereof and the restitution of the property evidenced thereby or its value.

Defendant appeals from that portion of the judgment holding invalid the bill of sale, and plaintiff appeals from that portion holding valid the lease and hog contracts.

The main ground of defendant's appeal is that there is no substantial evidence of either fraud or undue influence in the procurement of the bill of sale which the court adjudged to be invalid. We are unable to agree with this contention in either regard.

On the issue of fraud, it is true that plaintiff's account of the manner in which the transaction was entered into is rather meager; but the testimony of her daughter Reva and of her son Charles, coupled with the fact that the transfer was apparently without consideration (*Nordholt* v. *Nordholt,* 87 Cal. 552, 554-555 [26 P. 599, 22 Am.St.Rep. 268] ; *Reay* v. *Reay,* 97 Cal.App. 264, 273-277 [275 P. 533] ) and what might be deemed to be the unsatisfactory character of the explanation given by defendant of his reasons for procuring the instrument and refusing to return it upon demand (*Forbes* v. *Ring,* 218 Cal. 726, 728 [24 P.2d 460] ; *Daniel* v. *Sisnero,* 109 Cal.App. 8, 10-11 [292 P. 218] ), is sufficient to sustain the action of the trial court. Defendant did not at the trial, nor does he now, maintain that the transfer was intended as a

138

gift, and his assertion that it was given as payment of a bonus of an undisclosed nature due him from plaintiff was flatly contradicted by her. As far as evidence of the unfulfilled promise is concerned, the declaration made by plaintiff in defendant's presence, which was received in evidence without objection, to the effect that he had promised to return the instrument, would have supported the finding that such a promise was made even if it had been denied by defendant. The further fact that defendant did not intend to carry out said promise when he made it was one that reasonably could be inferred from his words and conduct viewed in the light of the surrounding circumstances.

In this regard the Supreme Court has stated the rule to be that:

"Where a transfer has been obtained through fraud, actual or constructive, it will be set aside at the instance of the grantor, and the grantee will be deemed to hold as a constructive trustee for the grantor." (*Johnson* v. *Clark,* 7 Cal.2d 529, 535 [61 P.2d 767]. See, also, 12 Cal.Jur. p. 738, § 21.)

As we have previously stated, in addition to the finding of fraud the trial court found further that the bill of sale for the farming machinery had been procured through the exercise of undue influence.

On this issue defendant placed great emphasis on the inconsistency in the findings. The general findings, as we have noted, are to the effect that at no time was plaintiff dominated by the defendant and that no confidential relationship existed between the parties. The specific findings with reference to undue influence in the procurement of the bill of sale are: "That said representation by the said defendant to the said plaintiff was fraudulent and constituted undue influence by the defendant on the plaintiff. . . . That plaintiff's will was overcome by the said representation and said conduct as above set forth and constituted undue influence by the defendant on the plaintiff."

Besides, a specific finding of undue influence on this matter is contained in the trial court's memorandum of opinion, together with a discussion of the facts on which it is based, in the following language:

"The bill of sale of the implements is another matter. The defendant testified that his mother gave him the bill of sale in consideration of an indebtedness she owed him for a bonus and for turning the lease and beet contract on the Clark place

back to him. The plaintiff testified that there was no such indebtedness and that such a matter was not discussed. The plaintiff's evidence showed that the defendant prevailed upon plaintiff to execute this bill of sale as security to protect him against loss on the lease in case she died and the children should refuse to recognize the leases and that he would surrender it to her upon demand. The evidence supports the plaintiff's contention. The defendant was unable to induce his brothers and sisters, owning in fee, to sign the lease. If the mother should die before the lease expired he would be out. The evidence shows the bill of sale was prepared after the defendant was aware of these facts. Furthermore, when the plaintiff had her son, Charles, call the defendant into the house and confronted him with his promise to return this bill of sale and demanded its return, he made no denial of the understanding but made a flat refusal to comply with her request to surrender it. The court finds that the defendant used undue influence and fraud in obtaining this document; that the defendant holds it as a trustee for his mother and that it should be surrendered to the court and canceled. The plaintiff was in no way indebted to the defendant. She had fully and amply paid him for his services. Consequently, there was no consideration for the bill of sale and there is absolutely no evidence that the plaintiff intended to make the defendant a gift.''

It is readily apparent that if there is an inconsistency between the general and specific findings it is more superficial than real, and that the general language was actually intended to apply only to the occasions when the lease and hog contracts were executed and not to the transaction involving the bill of sale of the equipment.

In any event, the rule is clear that if a general finding conflicts with a special finding, the latter controls. (24 Cal. Jur., pp. 968, 974, §§ 202, 206.) It follows therefore that if the specific finding of undue influence in the procurement of the bill of sale is supported by any substantial evidence it is sufficient to sustain the judgment.

We cannot say as a matter of law that said finding is not supported by evidence. The want of consideration for the transfer, the physical and sporadic mental infirmity of the plaintiff, the legal relationship of the parties, the lack of independent advice, and the persistent if not importunate character of defendant's activities are facts from which undue

influence could be inferred. (See *Weakley* v. *Melton,* 189 Cal. 44, 45-50 [207 P. 523], and cases therein cited.) Furthermore, the very proof of fraud might properly be considered as an added factor on the issue of undue influence. (Restatement, Restitution, Supp. p. 148, § 166.) And it is not unreasonable to conclude that while ordinarily plaintiff did not defer to defendant's wishes nor place implicit confidence in him, yet on this particular occasion and against her better judgment she did so. As the court stated in *Estate of Olson,* 19 Cal.App. 379, 386 [126 P. 171], "History and experience teach that the minds of strong men and women have often been overborne, and they have been by a master mind persuaded to consent to what in their sober and normal moments, and free from undue influence, they would not have done."

This brings us to the appeal of plaintiff and the question whether the findings and conclusions upholding the validity of the lease and hog contracts are supported by substantial evidence.

Plaintiff contends that "The trial court erroneously misapplied the law of confidential relation and therefore cast a burden of proof upon the plaintiff contrary to the recognized law of this state," and that "Where a confidential relationship exists, a presumption of undue influence arises from any transaction by which the person in the superior position gains an advantage over the other, and the burden of proof shifts to such party to show fairness and good faith."

The question of the legal effect of the status between parent and child in transactions wherein the presumption of confidential relationship and the burden of negativing undue influence are in issue, is an interesting one and under other circumstances might present difficulties. (See, for example, *Herbert* v. *Lankershim,* 9 Cal.2d 409, 426-427, 481 [71 P.2d 220]; *Laherty* v. *Connell,* 64 Cal.App.2d 355, 362 [148 P.2d 895]; *Steinberger* v. *Steinberger,* 60 Cal.App.2d 116, 122-123 [140 P.2d 31]; 13 Cal.Law Rev. 174; Restatement, Restitution, Supp. p. 163, § 182.) However, no such difficulties are presented in the instant case. The trial court has found on substantial evidence that there was adequate consideration for the contracts, that they were mutually advantageous, fair and equitable, and that they were entered into knowingly and voluntarily. Therefore, assuming that the legal relationship which existed between the parties plus the defendant's

activity in procuring the execution of the contracts was sufficient to raise a presumption of actual confidence and made a prima facie case which cast upon defendant the burden of proving the absence of undue influence (see *Johnson* v. *Clark, supra,* at page 534; *Jorgensen* v. *Dahlstrom,* 53 Cal.App.2d 322, 333-334 [127 P.2d 551]), still we must recognize the fact that the presumption is a disputable one (*Wakefield* v. *Wakefield,* 37 Cal.App.2d 648, 654 [99 P.2d 1105]) and that it was competent for the trial court on the evidence disclosed by the record herein to find that the presumption had been dispelled and the burden discharged. (*Nessen* v. *Nessen,* 218 Cal. 59, 61 [21 P.2d 415]; *Rocha* v. *Rocha,* 197 Cal. 396, 407 [240 P. 1010]; *Wilbur* v. *Wilbur,* 197 Cal. 1, 15 [239 P. 332]; *Best* v. *Paul,* 101 Cal.App. 497, 499 [281 P. 1089].)

And of course the duty of an appellate court to sustain findings made upon substantial evidence is no different because the evidence to the contrary is made up in part of a presumption. (*Fanning* v. *Green,* 156 Cal. 297, 282, 284-285 [104 P. 308]; *Pierson* v. *Bradfield,* 43 Cal.App.2d 519, 524 [111 P.2d 460]; *Stephenson* v. *Brand,* 122 Cal.App. 543, 546 [10 P.2d 476].)    The significant factors in a case of this kind are the adequacy of the consideration and the general fairness and mutuality of the transaction (*Carleton* v. *Bonham,* 60 Cal.App. 725, 739-740 [214 P. 503]); and where no injury has been suffered by reason of the influence complained of and there has been no abuse of the confidence reposed, the transaction will not be set aside. (6 Cal.Jur. pp. 73-74, § 42.)

"Although a fiduciary relation exists, an otherwise valid transaction between the parties which is not within the scope of the relation will be set aside if, but only if, there is an abuse of a confidential relation between the parties." (Rest., Restitution, p. 677, § 166.)

It may be added that the mere lack of independent advice does not of itself change the applicability of this rule. (9 Cal.Jur., pp. 230-231, § 107.)

The judgment is affirmed, neither party to recover costs.

Adams, P. J., and Thompson, J., concurred.