MAHLON LONG, Jr., BY HIS FATHER AND NEXT FRIEND, MAHLON LONG, Sr., AND MAHLON LONG, Sr., IN HIS OWN RIGHT, PLAINTIFFS-APPELLEES. v. THE YELLOW CAB COMPANY OF CAMDEN, A CORPORATION, DEFENDANT-APPELLANT.

Argued October 21, 1942—Decided January 22, 1943.

For the plaintiffs-appellees, *Theodore T. French.*

For the defendant-appellant, *Meyer L. Sakin.*

The opinion of the court was delivered by

HAGUE, J. This is an appeal from a judgment entered in the New Jersey Supreme Court, Camden County, in the amount of $1,000 for the infant plaintiff, Mahlon Long, Jr., for personal injuries and in favor of Mahlon Long, Sr., father of the infant, in the sum of $100 for medical expenses, &c., with costs.

The grounds of appeal set forth by the defendant-appellant are that (1) the trial court refused to grant a motion for nonsuit; (2) the court refused to grant a motion to direct a verdict for defendant; and (3) the judgment is contrary to law.

The defendant's driver admitted that he was engaged on the business of his employer, The Yellow Cab Company of Camden, when his cab struck the infant plaintiff, then 2½ years old. At the time of the accident the boy was riding his tricycle in the roadway. Notwithstanding this admis-

sion, the appellant argues that the accident was not caused by its negligence. The answer pleads contributory negligence on the part of the child. The court instructed the jury that there is a presumption against contributory negligence on the part of an infant of the plaintiff's tender years and that in this case there was no evidence of the plaintiff's contributory negligence. This was correct. *Kennedy* v. *Sullivan,* 66 *N. J. L.* 185; *Newman* v. *Phillipsburg Horse Car Railroad Co.,* 52 *Id.* 446; *Schneider* v. *Winkler,* 74 *Id.* 71. The only question therefore is: Was there proof in the case sufficient to make the question of negligence one for the jury? We think there was and that the learned court properly denied the motions for nonsuit and direction of verdict. The facts are: The infant was struck and seriously injured by defendant's taxicab while he was riding his bicycle in Bailey Street, Camden, in a westerly direction. The cab was also going in a westerly direction. It was daylight. The cab driver had stopped on the south or left-hand side of said street and then had gone up some steps trying to locate his fare. He then returned, jumped into his cab and started his machine, running down the 2½ years old plaintiff. The child sustained a fracture of his pelvis and was confined to bed for eight weeks. The testimony shows that the street was narrow and that it was necessary for the cab not only to pull out from the curb but also to go around to the right in order to pass through other cars parked in the street. The child was pinned under the right front wheel.

When the nonsuit motion was made the trial judge was inclined to grant it but at the plaintiff's request permitted him to reopen the case and call another witness. The grandmother of the child was then called to testify. She stated that she had gone into the street to get the child to take him in to supper, &c.: that she saw him in the street on his tricycle; that she proceeded towards the child to get him when the taxi suddenly and quickly started up and ran into the child. There were several other cars parked in the immediate neighborhood and it was necessary for her to go between them to reach the child. Some of her testimony was not helpful on details but from her testimony, the jury could have found

that the child was where the driver could have seen him if he had exercised reasonable care; that he failed to make any observation or such as was reasonable, under the circumstances, and that as a result of such failure the child was injured. On the grandmother's testimony alone we think a question of fact was raised for the jury. The motions were rightly denied. *Sakos* v. *Byers,* 112 *N. J. L.* 256, and cases cited.

This results in an affirmance of the judgment.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.