FREDERICK J. DILLMAN, ADMINISTRATOR *AD PROSE- QUENDUM*, ETC., PLAINTIFF-APPELLANT, v. BETTIE FRASIA MITCHELL AND ALBERT J. MARKS, DEFEND- ANTS-RESPONDENTS.

Argued September 28, 1953—Decided October 26, 1953.

*Mr. Victor H. Miles* argued the cause for the appellant.

*Mr. Paul J. O'Neill* argued the cause for the respondent (*Mr. Vance Towler* on the brief).

The opinion of the court was delivered by

OLIPHANT, J.   Plaintiff was the father of Richard Dillman, an infant of the age of 5½ years, who was killed as the result of coming in contact with a motor vehicle owned by the defendant Bettie Frasia Mitchell and operated by the defendant Albert J. Marks, as he was crossing a street intersection in Elizabeth, New Jersey, on April 5, 1952.

Suit was brought by the plaintiff on behalf of the next of kin of the infant, the complaint alleging negligence on the part of the operator of the automobile.   Marks, who admittedly was the agent of Miss Mitchell, was not served with process and was excluded from the case by the pretrial order. The answer filed on behalf of both defendants denied any negligence on their part and interposed the defense of contributory negligence on the part of plaintiff's decedent.

The trial in the Union County Court resulted. in a verdict of no cause of action.   An appeal was taken to the Superior Court, Appellate Division, and pending argument there we granted certification on our own motion under *R. R.* 1:10–1(*a*).

The main point raised by this appeal is that the trial court erroneously submitted to the jury the question of the contributory negligence of the deceased infant, and the appellant urges "That the law of this state should be that an infant 5½ years of age is conclusively presumed incapable of contributory negligence."   In support of the adoption of such a rule reliance is placed on *Long v. Yellow Cab Co.,* 129 *N. J. L.* 560 (*E. & A.* 1943); *Schneider v. Winkler,* 74 *N. J. L.* 71 (*Sup. Ct.* 1906), and the assertion that the great weight of authority in other jurisdictions favors the conclusive presumption rule against negligence as to children 5½ years of age.

In the *Long* case the infant was 2½ years old and the former Court of Errors and Appeals held there was no

evidence of any negligence on its part, and the court therefore approved the trial court's refusal to charge contributory negligence but also adhered to the rebuttable presumption doctrine when it said "there is a presumption against contributory negligence on the part of an infant of the plaintiff's tender years." While it is true that in the *Schneider* case the former Supreme Court held that a child under the age of seven years could not be charged with contributory negligence, that holding was expressly disproved by the same court in *Arivabeno v. Nuse*, 12 *N. J. Misc.* 729 (*Sup. Ct.* 1934), in which case the plaintiff was an infant five years and ten months of age.

We cannot agree with the appellant as to the weight of authority in other jurisdictions. Six jurisdictions apply the conclusive presumption rule, often called the "Illinois Rule"; there is a conflict in a number of states, while at least 21 jurisdictions follow what has been termed the "Massachusetts Rule," that of a rebuttable presumption. *Cf. Prosser on Torts* (1941 *ed.*), *p.* 231; *Restatement of the Law of Torts* (Negligence), *sec.* 283; *Annotations*, 107 *A. L. R.* 8 and 174 *A. L. R.* 1080.

An exhaustive and able opinion on this question was written by Judge Jayne for the Appellate Division in *Hellstern v. Smelowitz*, 17 *N. J. Super.* 366 (*App. Div.* 1952), with which we are in entire accord. It was there stated:

"We resolve that the arbitrary rule which specifies that an infant under seven years of age is conclusively presumed to be incapable of contributory negligence does not exist in the law of this State."

Nor should it. The age of a child does not alone determine its capacity to care for itself and avoid dangers, and the law should not arbitrarily fix an age at which the duty to exercise some care begins. If reasonable men might differ as to the capabilities of an infant to understand, appreciate and avoid dangers to which he is exposed, then whether or not he was guilty of contributory negligence in the circumstances becomes a jury question. If this were not the rule

then one just under seven years of age, even though of exceptional judgment and experience, could not be guilty of contributory negligence while one just having passed his seventh birthday but possessing little experience, intelligence or judgment, could be found guilty of such negligence. Most children of tender years have some grasp of any situation; the lurking dangers in some situations are obvious to them. To say that there is a conclusive presumption on their part is to enforce an iron-clad rule, which is contrary to fact. A child may be so young as to be incapable of negligence as a matter of law, but the age comes when it is a question of fact, although there be a presumption of continuing capacity.

As Judge Jayne succinctly put it:

"The Illinois rule lacks in this day any rational and logical foundation. * * *

"It seems entirely reasonable to suppose that the capacity of an infant to understand and to avoid dangers to which it is exposed in a given set of circumstances does not depend so much upon the chronological age of the infant as upon the infant's psychological development.

"The ripening of the mental faculties of children in general must, we think, have been accelerated by the progressive enlargement of a child's scope of observations and experiences in our modern environment.

"Under the so-called Illinois rule a boy who is one day under seven years of age may be guilty of the most flagrant contributory carelessness and yet evidence of his exceptional precocity and breadth of judgment and experience cannot be introduced to overcome the illusory presumption of babylike puerility."

■ The evidence in the case *sub judice* discloses that on the night of the tragedy the plaintiff had asked his daughter, 13 years of age, to get him some cigarettes and told her to take her brother with her. They were on their bicycles and as they came to the intersection the daughter decided to watch the bicycles and let Richard go across the street to buy the cigarettes. Decedent was a pupil in the kindergarten, went to and from school himself and went to the store alone. It was a dark, rainy night, there was traffic other than the defendant's car in the intersection and the boy ran diagonally across the intersection. The boy's father

testified that his son understood what he was doing, he had crossed that highway many times, he had been told to watch traffic in crossing the street, he understood what was told him and always did so, he "positively" understood that if there was traffic at that intersection he would have to watch. The father also testified he believed "a boy of five should know if there is a car on the road" and he "assumed the boy understood he should be careful in crossing the road." There was thus adequate evidence from which the jury could infer that the child had been guilty of some negligence as he crossed the intersection and the question as to whether or not the child under the circumstances was guilty of contributory negligence was therefore properly submitted to the jury.

Plaintiff complains of the introduction of evidence imputing the negligence of the father, in sending his daughter and decedent out on a dark, rainy night to buy cigarettes for him, to the decedent. No such evidence was introduced, the only reference thereto being in the opening to the jury by defense counsel and a colloquy between counsel. Nothing in the charge of the court referred to the father's so-called negligence and whatever was said by or between counsel was not prejudicial to the cause of the plaintiff.

Plaintiff next asserts that the charge of the court to the jury could result in nothing but confusion and error as to the correct principles of law applicable to the case. The court charged generally as to the rebuttable presumption that a child under seven years of age is not guilty of contributory negligence and finally said, "It is for you to say whether or not this boy of his age and experience exercised the care any person of that age and experience was called upon to exercise." The charge as a whole was an adequate minimum compliance with the principles laid down in *Hellstern v. Smelowitz, supra*. No objection whatever was made to the charge as given, *Rule* 3:51–1, now *R. R.* 4:52–1, and we find no plain error affecting substantial rights of the plaintiff, *R. R.* 1:5–3(c) nor such injustice which would require the application of *Rule* 1:7–9, now *R. R.* 1:1–8.

We are unable to conclude, as plaintiff urges, that the weight of the evidence clearly established the negligence of the defendant and that it was error for the trial court to have denied plaintiff's motion for a new trial. From the testimony adduced the jury could have found either that the defendant was free of negligence or that plaintiff's decedent was guilty of contributory negligence. The argument proceeds on the hypothesis that the defendant was guilty of negligence as a matter of law. Even if that were so it was open to the jury to find that the victim of the mishap was guilty of contributory negligence.

Judgment affirmed.

*For affirmance*—Justices HEHER, OLIPHANT, BURLING, JACOBS and BRENNAN—5.

*For reversal*—Chief Justice VANDERBILT and Justice WACHENFELD—2.