SCOTT (Robert H.), J. pro tem.
 
 *
 

 Plaintiff appeals from an adverse judgment after trial by the court without a jury in an action for personal injuries sustained when his automobile collided with part of a freight train.
 

 With two companions he was driving his car at about 2:50 a. m. northbound on Wilmington Avenue in Los Angeles County and when he came to the railway tracks which crossed that street he collided with a railway car which was part of a train and which was blocking the crossing. His two passengers were killed and plaintiff sustained brain injury and loss of memory. He did not testify at the trial.
 

 There was no eyewitness to the accident, which was discovered about two hours after the collision. Shortly after discovery of the accident plaintiff was found by a passerby wandering at a point some distance from the crossing. His face was covered with blood. He was hospitalized and was treated for his injuries. He talked with a police officer and with his father. He was later committed to the Veterans Administration Hospital at Brentwood, California, because of his mental condition.
 

 There was no automobile wigwag or light signal at the crossing or overhead light at or near it. There was a railway-crossing sign consisting of post and crossarm on each side of the crossing and a railway-crossing road sign on a post located six to eight feet east of the roadway and not more than 450 feet south of the crossing.
 

 The train, consisting of two road engines and about 62 railway cars including caboose, first passed over the crossing at about 2:30 a. m. on the day of the accident. There was a switching operation consuming 15 to 20 minutes, during which time the train blocked the crossing and by 2:55 a. m. it had moved entirely away from the intersection.
 

 At the start of the switching operation the train backed
 
 *24
 
 west over the crossing and a brakeinan on the, caboose at the west end of the train dropped a lighted yellow 10-minute fusee on each side of the crossing. The collision occurred at a time when the fusees may have entirely burned out. The railway ear was standing unattended by any flagman; no whistle, horn or bell was being sounded at that time and, except for any possible remaining light of the fusee, it was in the dark and was blocking the crossing.
 

 By the impact, the south side of one hopper ear, the sixth or seventh ear ahead of the caboose, and a lever of a car next to it were damaged. The hopper car was 40 feet long and 14 feet high. The front end of the automobile was heavily damaged, the steering wheel was bent and the front seat was torn loose. The vehicle when found had been dragged 48 feet east and came to rest parallel to the tracks headed east and about four feet from the south rail. The train crew were unaware of the accident until several hours later.
 

 The trial court found that defendant was negligent and that this was a proximate cause of the collision. It further found that plaintiff was also negligent and that this was also a proximate cause. It concluded that plaintiff was not entitled to recover and gave judgment for defendant.
 

 The burden of proof was on defendant to establish by a preponderance of evidence that plaintiff was negligent and that such negligence was a proximate cause of the accident.
 

 The only question on this appeal is whether defendant has sustained this burden.
 

 Because of brain damage and loss of memory plaintiff was unable to testify at the trial. He was entitled to the presumption that he had exercised due care and had obeyed the law. (Code Civ. Proc., § 1963, subds. 1, 4;
 
 Scott
 
 v.
 
 Burke,
 
 39 Cal.2d 388, 394 [247 P.2d 313] ;
 
 Scott
 
 v.
 
 Sheedy,
 
 39 Cal.App.2d 96, 101 [102 P.2d 575] ;
 
 Hoppe
 
 v.
 
 Bradshaw,
 
 42 Cal.App.2d 334, 340 [108 P.2d 947];
 
 Masterson
 
 v.
 
 Ward,
 
 157 Cal.App.2d 142, 147 [320 P.2d 613].) [1]
 
 “
 
 [W]here a plaintiff by reason of loss of memory is unable to testify respecting his conduct at and immediately before the time of the accident, and produces no witnesses who testify to such facts, he is entitled to the benefit of the presumption that he was exercising due care.”
 
 (Simon
 
 v.
 
 City & County of San Francisco,
 
 79 Cal. App.2d 590, 598 [180 P.2d 393].) The record clearly shows that the trial court gave the full benefit of this presumption to plaintiff before reaching a decision adverse to plaintiff on the issue of contributory negligence.
 

 
 *25
 
 This presumption was not conclusive but was disputable (Code Civ. Proc., § 1963) and hence could be overcome if there was adequate competent evidence to the contrary or a reasonable inference from the evidence adduced.
 

 The trial court had the duty to determine the issue of fact as to whether, in the face of the presumption, the evidence and inferences reasonably drawn therefrom were sufficient to establish contributory negligence of the plaintiff.
 
 (Smellie
 
 v.
 
 Southern Pacific Co.,
 
 212 Cal. 540, 550 [299 P. 529].)
 

 Both inferences and presumptions are evidence (Code Civ. Proc., § 1957). Neither was as a matter of law entitled to be accorded greater weight than the other by the trial court.
 

 An inference is a pertinent and reasonable deduction drawn from circumstantial evidence, i.e., from evidence which is circumstantial as to the fact deduced, and may outweigh a disputable presumption or even direct evidence. It was the duty of the court to determine the issue of fact as to whether the evidence and inferences drawn therefrom pointing to negligence of plaintiff as a proximate cause of the accident were sufficient to outweigh the presumption of due care and law observance. Its determination is conclusive upon an appellate court unless it is manifestly without sufficient support in the record.
 
 (Scott
 
 v.
 
 Burke, supra,
 
 39 Cal.2d 388, 397-398;
 
 Fanning
 
 v.
 
 Green,
 
 156 Cal. 279, 282 [104 P. 308];
 
 Simonton
 
 v.
 
 Los Angeles T. & S. Bank,
 
 205 Cal. 252, 258 [270 P. 672].)
 

 The duty of an appellate court to sustain findings made upon substantial evidence is no different because the evidence to the contrary is made up in part of a presumption.
 
 (Leathers
 
 v.
 
 Leathers,
 
 77 Cal.App.2d 134, 141 [174 P.2d 875].)
 

 Even though it appears that conflicting inferences might be drawn from the evidence, the question as to which of such inferences should be drawn was a matter for decision by the trial court. Having thus decided it was its duty to hold in favor of the party on whose side the weight of evidence preponderated.
 
 (Spolter
 
 v.
 
 Four Wheel Brake Service Co.,
 
 99 Cal.App.2d 690, 693 [222 P.2d 307].)
 

 Its determination as to whether an inference shall be drawn is conclusive on an appellate court.
 
 (Estate of Walsh,
 
 66 Cal.App.2d 704, 709 [152 P.2d 750];
 
 Estate of Teel,
 
 25 Cal.2d 520, 526 [154 P.2d 384] ;
 
 Maidman
 
 v.
 
 Metropolitan Trading Co.,
 
 166 Cal.App.2d 205, 210 [332 P.2d 807].)
 

 
 *26
 
 The night of the accident was clear and dark. Earlier in the evening plaintiff had been bowling with some friends at a place in Long Beach. One of these friends was with him and was killed in the accident. After bowling, plaintiff had a drink of liquor. Later, probably around nine o’clock they went some distance to a place called the “Crow’s Nest” where drinks were served to this friend and another one of plaintiff’s friends. These friends left the Crow’s Nest just before midnight, and both were with plaintiff nearly three hours later when they met their death in the accident. It was reasonable for the trial court to infer that they had accompanied him when they left at midnight and had been with him during the intervening time. After the accident plaintiff told a police officer and his father that he may have had something to drink at the Crow’s Nest.
 

 As plaintiff was approaching the railway crossing there was a thousand-foot straightaway of Wilmington Avenue, with no obstruction to the view of a northbound motorist. The home of one of the passengers, later deceased, was located 10 miles northeast of the crossing and they were proceeding in that direction. Plaintiff was apparently familiar with the crossing.
 

 About 400 feet south of the crossing, so that plaintiff would pass over it as he was approaching, was a railroad pavement sign painted on the highway. To the immediate right of the road at about that point or just south of it was the above-mentioned post and warning sign, and nearer the tracks was the post with crossarms. No skid marks were laid down prior to the impact. While the evidence as to whether the yellow fusee was still burning on the highway just south of the tracks when the collision occurred was quite inconclusive, there is no suggestion that headlights of plaintiff’s vehicle were inadequate or were not burning.
 

 The extensive damage to the automobile indicated that it was travelling at a high rate of speed at the moment of impact. It hit the hopper car so hard that it bent up the side sill which was plate steel three-eighths of an inch thick and three inches wide and bent the braces on the underside which were five-sixteenths of an inch thick.
 

 The absence of posted speed limit in terms of miles per hour would not relieve the plaintiff of the duty to drive at a rate of speed which was reasonable and prudent. His physical and mental condition as to fatigue or other factors which would impair his ability to clearly see and correctly observe
 
 *27
 
 that which was ahead of and about him and to coordinate his muscles so as to control his vehicle and avoid danger were matters which the trial court had the right to consider. The presumption of due care and law observance was given the weight to which it was entitled by the trial court but its finding in favor of defendant on the issue of contributory negligence was based on evidence in the record and inferences reasonably drawn therefrom which were factually sufficient to outweigh the presumption and result in a determination that defendant had carried its burden of proof.
 

 Plaintiff suggests that if he saw the warning sign at the side of the road and the printed sign on the pavement but could not see at that time whether the crossing was blocked he could assume that the tracks across the roadway were clear, and, even travelling at a moderate rate of speed, might well be so close to the standing railway car before he saw and recognized it as an obstacle that he would be unable to apply his brakes in time. He concedes that from the absence of skid marks it can be inferred that the brakes were not actually applied prior to impact. He further indicates that his attention might well have been directed generally toward the east or west approach at the crossing in checking for the possible approach of trains and that his attention might momentarily have been distracted from the crossing itself by the noise or light from the road engines east of the crossing. It does not appear that these possibilities would preclude the decision adverse to plaintiff on the issue of his negligence as a proximate contributory cause of the accident.
 

 Judgment affirmed.
 

 Fourt, Acting P. J., and Lillie, J., concurred.
 

 A petition for a rehearing was denied January 4, 1960, and appellant’s petition for a hearing by the Supreme Court was denied February 3, 1960.
 

 *
 

 Assigned by Chairman of Judicial Council.