[Civ. No. 20187. First Dist., Div. Three. Jan. 22, 1963.]

EDYTHE LORRAINE RAY, Plaintiff and Appellant, v.
LEWIS HENDERSON, Defendant and Respondent.

Carl L. Christensen, Jr., and John R. Stokes for Plaintiff
and Appellant.

Pelton, Gunther & Gudmundson, Charles E. Goff and John E. Gunther for Defendant and Respondent.

DEVINE, J.—Plaintiff, appellant, brought this action for personal injuries arising from an accident in which she was driving respondent's automobile, and respondent cross-complained for damages to the vehicle. The jury's verdict was that neither party is entitled to damages. Plaintiff moved for new trial; the motion was denied by operation of law when the court did not grant it within the statutory period.

Two errors are claimed: (1) that evidence was improperly received that defendant had heart disease and cancer, and (2) that it was misconduct for defendant's counsel to refer to an accident report of the highway patrol.

The essential facts in the case are these: The witnesses agree that the accident occurred when defendant, who was riding in the front seat next to plaintiff, who was driving, seized the wheel of the car and caused the vehicle to crash into an embankment on a mountain road. Defendant's version is that the car skidded while rounding a turn, at a speed that was high considering the nature of the road, and that plaintiff cried out that the brakes were gone; and that, as there was another curve not far ahead, an outside curve, and there was a drop of 300 feet on the right hand side to the Klamath River, he seized the steering wheel, against the resistance of plaintiff, and turned the vehicle, a Volkswagen, into a bank. Plaintiff's version is that there was no emergency, although the right rear wheel did skid, and that she did say to defendant that the brakes did not seem to be working just right. Her testimony relating to her remark to defendant was corroborated by her father-in-law, but contradictory testimony was received in the form of a statement which plaintiff had made to a Highway Patrol officer the day following the accident that the brakes had gone out and that she told her passenger (defendant) this, and in the form of a written statement, made three days after the accident, in which plaintiff said she put her foot on the brake pedal but nothing happened, and that she told defendant that there was no brake. Also, the ambulance driver who took her from the accident testified that she told him she lost control of the car, tried to put the brakes on and the brakes went out. The fourth occupant of the vehicle, plaintiff's nephew, was in college in Alaska at the time of the trial, and this fact was

brought before the jury. No deposition of the nephew was offered, and perhaps none was taken.

At the time of the trial during February 1961, about two and a half years after the accident, counsel for defendant produced as a witness Dr. Zuleger, personal physician of the defendant, who testified that defendant had a cancer of the stomach, which was discovered in the fall of 1960 and which was already at a stage where it was inoperable, that he had a heart attack while he was in the hospital for the diagnosis and another attack about a month later. He testified that for Mr. Henderson to testify might produce acute heart failure or another heart attack. Counsel for plaintiff had objected on the ground of irrelevancy and after the testimony was given moved to strike and assigned the questioning as misconduct. He did not, however, ask for any admonition to the jury.

There had been a lengthy colloquy between the court and counsel, in the absence of the jury, before the doctor's testimony was given. Counsel for plaintiff, now appellant, seems to have thought, and seems still to have the opinion, that the doctor's testimony was simply for the purpose of laying a foundation for the reading of defendant's deposition and that this should have been done in the absence of the jury, and that the discretion of the judge should have determined whether the deposition should be read, and that this could have been done readily because he, counsel for plaintiff, offered to stipulate to the inability of defendant to testify. Although at certain passages of the colloquy outside the jury's presence, defendant's counsel may have given the impression that this was one of the purposes of the testimony, he also made it clear that he wished to make it plain to the jury that it would be dangerous for defendant to take the stand.

Later in the trial, defendant's counsel called Mr. Henderson to the stand, stating that he just wished to identify him. Objection was made and was sustained. There was no assignment of misconduct at this point and no request for admonition to the jury.

Appellant contends that the real purpose of the testimony of the doctor and of having Mr. Henderson make his brief visit to the witness stand was to excite the sympathy of the jury for a man who was doomed by cancer. We believe that defense counsel had a right to show to the jury that defendant could not, without hazard to his life, testify

at the trial. It was not necessary for defendant to make this showing in order to read the deposition, because the deposition of a party is admissible although the party who gave it is present at the trial. (*Ahern* v. *Superior Court*, 112 Cal.App.2d 27, 31 [245 P.2d 568].) To read the deposition, therefore, required no foundation. A legitimate purpose of the doctor's testimony was an explanation to the jury for the reading of a deposition taken about two years before the trial instead of presenting defendant to give his version following the testimony of plaintiff and her witnesses. Evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other side to contradict. (Code Civ. Proc., § 2061, subd. 6.) Failure to testify of a witness who should have been produced by a party may be commented upon (*Huddy* v. *Chronicle Publishing Co.*, 15 Cal.2d 554, 569 [103 P.2d 421]; *King* v. *Karpe*, 170 Cal. App.2d 344, 348 [338 P.2d 979]), and no doubt is considered seriously by the jury. (In fact, plaintiff's counsel himself probably had this in mind when he produced the testimony that plaintiff's nephew, an eyewitness, was a student in Alaska at the time of trial.) Very likely, a jury would regard with suspicion the reading of a deposition of a party when that party was in the court, as he had a right to be, and did not take the witness stand to give the same contradiction which he had earlier given in deposition to the testimony presented by his adversary, unless adequate explanation was made.

Perhaps the doctor's testimony need not have included the subject of the inoperable cancer, because, he testified, possible heart attack would be the peril that would be encountered by testifying, but, on the other hand, it may have been difficult for the physician to give his conclusion without describing the whole physical condition of his patient. If, however, the testimony went farther than was necessary, we believe counsel for plaintiff would have had to take more steps than he did in order to bring about a reversal of the judgment. His only objection was on the ground of irrelevancy. He did not ask for any instruction or warning to the jury at any time. We cannot tell what instructions were given in the charge to the jury, because appellant has not caused them to be put into the record.

 Appellant also makes the point that counsel for respondent was in error in attempting to get into evidence

a report of an officer of the Highway Patrol, after counsel for each side had interrogated the officer. Objection to the offer was sustained. If, therefore, appellant had cause for complaint, it would be on account of misconduct. He made no assignment of misconduct and asked for no admonition to the jury. We see no reason why such instruction would not have been effective and, therefore, this omission of plaintiff's counsel precludes successful raising of the point on appeal. (*Cope* v. *Davison*, 30 Cal.2d 193, 202 [180 P.2d 873, 171 A.L.R. 667].)

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.