[Civ. No. 24121. First Dist., Div. Three. May 8, 1968.]

KAREN WILLIAMS, a Minor, etc., et al., Plaintiffs and Appellants, v. SALVADOR FORCADES, Defendant and Respondent.

Smith, Parrish, Paduck & Clancy and Edwin A. Clancy, Jr., for Plaintiffs and Appellants.

Bronson, Bronson & McKinnon and Paul H. Cyril for Defendant and Respondent.

DRAPER, P. J.—Plaintiffs appeal from the judgment entered upon unanimous jury verdict in favor of defendant in this personal injury action. ██ The sole error asserted is

the trial court's refusal to give an instruction (former BAJI 135-B) on the presumption of due care.

This case was tried in December 1965. Hence it was governed by the rules in effect before the operating date of the Evidence Code (Evid. Code, § 12). Under the then rules, a party suffering from loss of memory of the events of an accident was entitled to an instruction that he was presumed to have used ordinary care (*Brown* v. *Connolly,* 62 Cal.2d 391 [42 Cal.Rptr. 324, 398 P.2d 596, 11 A.L.R.3d 1348]). But such an instruction was improper when that party testified "concerning his conduct immediately prior to or at the time in question." (*Laird* v. *T. W. Mather, Inc.,* 51 Cal.2d 210, 221 [331 P.2d 617].) Also, the presumption was inapplicable when the facts proven "by the uncontradicted testimony of the party himself or his witnesses" negated due care (*Mar Shee* v. *Maryland Assur. Corp.,* 190 Cal. 1, 9 [210 P. 269]).

The accident here in issue occurred as plaintiff, then 6 years 9 months old, crossed a divided highway consisting of two marked lanes in each direction. It was a rainy day. A driver in the first northbound lane, a witness called by plaintiff, testified that he stopped and waved to plaintiff and her companion to cross. Plaintiff put her coat over her head and trotted across. As she neared the farther southbound lane, the witness saw defendant's car approaching and called to plaintiff to stop. She did not hear him but ran into the side of defendant's car. Its side mirror struck her head. Although the minor testified on direct that she didn't remember anything about the accident, she proceeded, also on direct, to testify that it was raining, she put her coat over her head, "we started running . . . three cars stopped and I got hit by a car."

Thus both plaintiff and the eyewitness produced by her testified to facts from which the jury could find contributory negligence. Plaintiff covered her head with her coat and ran or trotted across three lanes of the highway. What she did in the instant of her entry into the fourth lane and her impact with the automobile could not affect that issue. Her negligence was established or negated by what happened before that instant, which also is the earliest time from which she suffered a loss of memory (see *Crago* v. *Pacific Motor Trucking Co.,* 178 Cal.App.2d 751 [3 Cal.Rptr. 183]). In light of her own testimony of the specific facts, her statement that she does not remember the accident at all could not make the presumption

available to her (*Ringo* v. *Johnson,* 99 Cal.App.2d 124, 130 [221 P.2d 267]).

But even if refusal of the instruction were error, reversal would not be warranted. As enjoined by the Evidence Code (§ 12, subd. (b)(2)) we apply the law applicable when the case was tried, late in 1965. But ''[a] new trial . . . commenced on or after January 1, 1967, shall be governed by'' the new code (Evid. Code, § 12, subd. (b)(1)). Under that code, the presumption of due care is no longer evidence (see Evid. Code, § 521 and comment of Law Revision Com. thereon; Evid. Code, § 600). Thus the desired instruction could not be given on retrial.

The purpose of reversal is to cure error. That purpose cannot be served when the once erroneous omission becomes proper and required. Retrial would be upon the same evidence and the same instructions. The mere possibility that a new jury, similarly instructed, might take a more lenient view of plaintiffs' rather thin case does not warrant reversal.

Judgment affirmed.

Salsman, J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied June 7, 1968, and appellants' petition for a hearing by the Supreme Court was denied July 3, 1968.