Rhonda Leusetta ANDERSON, a minor By and Through her next best friend and father, Milton W. Anderson, and Milton W. Anderson, jointly and severally, Appellants (Plaintiffs below),

v.

David John SCHULZ, Appellee (Defendant below).

No. 4309.

Supreme Court of Wyoming.

Oct. 8, 1974.

Vincent A. Ross, Cheyenne, for appellants.

A. Joseph Williams, Guy, Williams & White, Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Mr. Justice GUTHRIE delivered the opinion of the court.

This is an appeal from the entry of a summary judgment against plaintiff Rhonda Leusetta Anderson upon her claim for personal injuries suffered while she was a guest in a car driven and owned by the defendant. Plaintiff sought recovery upon the basis of gross negligence or willful and wanton misconduct. Defendant, of course, denies this and asserts contributory negligence and assumption of risk as affirmative defenses. The record would suggest that the issues presented to the court on this motion were whether the claim was barred by contributory negligence or assumption of risk and whether from the evidence in the record there remained a jury question of the gross negligence of defendant.

After having worked all day August 13, 1971, defendant stopped in Guernsey and had two beers before going home. At about 7 p. m. he picked up plaintiff and bought a six-pack of beer. They went from Guernsey to Torrington during which drive he drank two additional bottles of beer. They drove around at Torrington a short time and then drove to Cheyenne. He drank at least one beer between Torrington and Cheyenne, although plaintiff does not remember how many. He drove on to Ft. Collins and had a "few beers." After staying about an hour or so at a place called the "City Dump," somewhere near midnight they started home. Plaintiff remembers nothing after leaving there, but at a point about ten miles south of Wheatland on Interstate 25 the car of defendant went off the road and turned over, resulting in serious injury to plaintiff. Defendant says while he was driving at the rate of 75 miles per hour and while he had his right arm around plaintiff, "I reached over to kiss her, and I was going around kind of a gentle corner, and when I looked up real quick, I wasn't completely off the road, but I was on the shoulder, and there was a reflector pole, and it looked like I was going to it, so I just jerked the car—." The car then veered into the median strip at 65 miles per hour and overturned. Although there is much argument whether defendant was intoxicated at the time, there is no question that the beer he consumed had some effect upon him as revealed by his statement to Gary Lewis, a brother-in-law of plaintiff, that he had "had maybe a little too much beer, but he didn't think he had." An examination of defendant's deposition and his statement to Dr. Kier that he was tired and relaxed as a result of the beer drinking, the drive, and his work the day before, reveals some effect resultant therefrom.

Appellee places great reliance upon the affidavit and supplemental affidavit of Dr. Kier, which we do not think in any manner eliminate this conflict of a material fact. Of interest is the fact that in the so-called supplemental affidavit, wherein Kier made certain assumptions, he did say that if "a few" meant "three" that the body alcohol figure would have been .055 percent and it does not seem improper to mention that under the law now in effect, § 31–129(b)(ii), W.S.1957, 1973 Cum.Supp., this figure would give no rise to a presumption but might be considered with other competent evidence in determining the question of interference with his driving capabilities. The effect of this is to completely reduce the matter to a factual situation requiring resolution by the finder of fact.

The record reveals no basis for the entry of summary judgment upon either the claim of contributory negligence or assumption of risk, particularly when under the factual situation in this case there is a presumption of due and ordinary care to which the plaintiff is entitled. There is a rather well-recognized rule that when plaintiff has suffered amnesia or loss of memory resultant from the injuries sustained in the accident it will be presumed in absence of evidence to the contrary that plaintiff was exercising due care, Brown v. Connolly, 62 Cal.2d 391, 42 Cal.Rptr. 324, 398 P.2d 596, 597, 11 A.L.R.3d 1348, and cases cited. See further cases collected in Annotation, 141 A.L.R. 872, 873. Both parties to a motion for summary judgment are entitled to any presumption applicable, Caldwell v. Wilson Freight Forwarding Company, D.C.Pa., 322 F.Supp. 43, 44; 6 Moore's Federal Practice, ¶ 56.15 [3], p. 2343 (2d Ed.). For the same holding see Becker v. Safelite Glass Corporation, D.C. Kan., 244 F.Supp. 625, 631, with an explanation of the reason for this rule as follows:

"* * * And the same reasons that warrant the use of presumptions at trial warrant their use in a summary judgment hearing. * * *"

This disposal of these two contentions is also dictated by our rule that contributory negligence and assumption of risk can become questions of law in only the clearest

of cases and are usually jury questions, German v. Holmes, Wyo., 459 P.2d 367.[1] Further, these are affirmative defenses with a burden upon the defendant, Gonzales v. Personal Collection Service, Wyo., 494 P.2d 201, 207.

■ This leaves the only question remaining whether from the evidence in the record there is such a conflict in the material facts as to require submission to the jury of the question of the gross negligence of defendant. Appellee asserts that as a matter of law there is not such evidence and places reliance upon certain authorities from this court, one being Meyer v. Culley, 69 Wyo. 285, 241 P.2d 87, which held that speed alone is not a basis for a finding of gross negligence. There is the further citation of Altergott v. Story, Wyo., 388 P.2d 196, and the holding that falling asleep while driving is not in and of itself gross negligence. This argument is buttressed with a citation of 4 Blashfield, Cyclopedia of Automobile Law and Practice, § 2322, p. 407 (Perm.Ed.),[2] stating the general rule that momentary inattention or loss of presence of mind does not constitute gross negligence. He also attaches considerable importance to the fact that the evidence shows defendant was driving within the so-called speed limit, but it is to be noted that our statute, § 31–130(b), W.S.1957, 1973 Cum.Supp., classes this as a maximum limit and also contains the general commandment in subsection (a) that forbids driving "at a speed greater than is reasonable and prudent under the conditions." A driver cannot escape blame for negligence by the mere showing that he was not exceeding the maximum legal speed limit at the time of the accident, Gerdel v. Broccard, Mo., 428 S.W.2d 492, 496, and authorities collected thereunder. The basic question presented insofar as the speed of a vehicle is concerned is not in and of itself material, the question being whether the speed was dangerous under all circumstances, Stanley v. Squadrito, 107 Ga.App. 651, 131 S.E.2d 227, 231; 2 Blashfield, Automobile Law and Practice, § 105.3, p. 301 (3d Ed.). In this connection we find a particularly appropriate quotation in the case of Troupe v. Ledward, 238 Or. 531, 395 P.2d 279, 281, which summarizes the interrelationships of these factors:

"Speed, control, and the duty to maintain an adequate lookout are interrelated. As speed increases, the duty to be alert and have one's automobile under adequate control increases. * * *"

When it is considered that an automobile travelling at the rate of 75 m. p. h. will travel approximately 110 feet in one second, it is not amiss to suggest that driving with one arm around the waist of the passenger and leaning over to kiss the passenger can not be equated with mere "momentary inattention." This court held in the case of Brown v. Riner, Wyo., 500 P.2d 524, 528:

"Even where a single act of negligence might not constitute gross negligence, gross negligence may result from the several acts. [Citations.]

"Viewed in the light most favorable to plaintiff the evidence discloses several acts of negligence by deceased and whether or not gross negligence was established was a matter for the jury; * * *"

It may be observed that there is more evidence of the effect of the consumption of alcoholic beverages in this case than there was in Brown.

The summary judgment is therefore set aside and the case remanded for further proceedings.

1. Appellee places considerable reliance upon Christopherson v. Christensen, 258 Iowa 648, 140 N.W.2d 146. In that particular case defendant was "obviously drunk" and there was no question of presumption of due care. The case was decided on the question of assumption of risk being established as a matter of law. Therefore we do not consider the same as any assistance in our disposal.

2. Our volume 4 of this edition of Blashfield reveals this quotation to be at 373.